FRANKLIN *vs.* SMITH.

An action does not lie against a *notary* for the omission of notice of protest to an endorser, where the holder may resort to other grounds for fixing the endorser independent of the notice, and wilfully or negligently omits to avail himself of such facts.

*It seems,* however, that in such case, the holder of the note should not only be well apprised of the existence of the facts to which resort might be had to sustain the action against the endorser, but he should have some intimation that the validity of the notice would be questioned.

ERROR from the New York common pleas. Smith sued Franklin in an action on the case for negligence in omitting as a *notary* to give notice of the non-payment of a note, whereby the plaintiff alleged he had lost his remedy against the endorser. The defendant, besides adducing evidence for the purpose of establishing the fact that notice of protest was duly given, proved an arrangement between the *maker* and *endorser* of the note, whereby the latter had assumed the payment of the note, and urged that in consequence thereof the endorser was not entitled to notice of non-payment, and proved that the plaintiff was apprised of

Franklin v. Smith.

such arrangement. The question whether the plaintiff was fully advised of the arrangement, so that he might have availed himself of it, in answer to the objection of want of notice of the non-payment of the note in the action against the endorser, was with the other questions arising in the cause submitted to the jury, who found a verdict for the plaintiff. The defendant sued out a writ of error upon a bill of exceptions presenting the above question, besides several others, which will not here be noticed. The case was argued by

*C. O'Coner*, for the plaintiff in error.

*G. Greenwood*, for the defendant in error.

*By the Court*, NELSON, Ch. J. It is clear upon principle, and not without authority, (*vide Van Wart* v. *Woolley*, 3 Barn. & Cress. 439; 5 Dowl. & Ry. 374; 5 Maule & Sel. 62; and 1 Barn. & Cres. 10,) that if the plaintiff sustains no loss, or need not sustain any with ordinary attention to the case, notwithstanding a defective notice of protest, the notary is not liable to him; and if he is fully advised of a ground of sustaining the action against an *endorser* independently of the notice, and wilfully or negligently omits to to avail himself of it, he cannot subsequently sustain an action against the notary. But this ground of supporting the action against the *endorser* should be not only well taken, but well known to the plaintiff; and it seems to me also that he should have some intimation that the *notice* would be questioned, so that he might come prepared to resort to the other aspect of the case. In the absence of such intimation, he might, I think, put himself upon the simple ground of notice, assuming that the officer had done his duty. In this respect, I am inclined to think the case was more favorably for the defendant submitted to the jury than can be upheld by the strict principles of law.

Judgment affirmed.