McCue, J.
We are of opinion that this case comes within the rule laid down in Townsend v. Hendricks, 40 How. Pr. 143, that the action is founded in tort and not on contract, and was not therefore referable against the will of either party.
The plaintiff loaned the securities in question to the defendant, to enable him to obtain a temporary loan on the same, he agreeing to return the securities to the plaintiff before July 1, following the date of the transaction. Instead of using them as he represented he would, the defendant sold them and converted the proceeds to his own use.
It is claimed that because the defendant agreed to return the securities it is a case of contract, and that the remedy of the plaintiff is to recover damages for the breach, and it may well be that if the matters set up in the answer are properly admissible in evidence on the trial, the defendant will establish a perfect *189 defense; but whether the cause is or is not referable, is to be determined, not by the answer but by the complaint.
The complaint alleges that the plaintiff was induced to part with her securities on the faith of certain representations which were untrue, and which were made by the defendant with intent to deceive the plaintiff.
It will be observed, too, that the cause of action set forth arose not out of any violation of the terms of the so-called agreement, but out of the misrepresentations on the strength of which the defendant obtained possession of the plaintiff’s property. We think it is a misuse of terms to call a state of facts like this an agreement or contract in any legal sense. The allegation that the defendant sold the securities and converted them to his own use is not so much an averment of the breach of a contract as it is the assertion of a fact which shows, if it be true, that the representations made were fraudulently made, and with intent to deceive the plaintiff.
We have examined the case of Harden v. Corbett reported in 6 Hun, 522, which is cited as the most recent decision upon this very important question of practice, but we think there is a marked distinction between that case and the one at bar.
In that case it was alleged that the defendant received the securities as the plaintiff’s attorney and agent, and promised and agreed to hold the same for her and to account for and pay over the same to her when demanded. It is fair to infer that this very relation of principal and agent, and attorney and client, had given rise to a condition of reciprocal rights and obligations and that there were duties to be performed on both sides. So also in the case of Austin v. Rawdon (44 N. Y. 63), the securities in suit had been delivered by a bank, whose receiver the plaintiff subse *190 quently became, to the defendants, to hold as collateral against an indebtedness, real or assumed, due from the bank to the defendants, and the court say: “There was an implied agreement or contract on the part of the defendants, resulting from the nature of the original transaction between them and the .bank, that the securities should be returned to the bank on the settlement and satisfaction of that account by the bank, which was recognized by the portion of the agreement between the plaintiff and the defendants particularly set forth in the complaint.”
The agreement referred to in the concluding para-. graph just cited, was an agreement entered into between the plaintiff after he was appointed receiver of the bank, by which the controversies existing between him, as such receiver, and the defendants, had been referred to referees for settlement.
The case at bar presents no such features, but bears a very close analogy to the case of Townsend v. Hendricks. Townsend had entered into an agreement with the defendant to buy a large quantity of copper, and to carry the same for him upon certain advances which the plaintiff agreed to make. The complaint alleged, that by false and fraudulent representations made by them as to the purchase of copper for his account, the plaintiff had been induced to deliver to the defendants certain railroad bonds, and to pay them certain sums of money.
The plaintiff alleged that the defendants had not purchased the copper as agreed, but that they had procured the advances by fraud, and with intent to cheat and deceive the plaintiff. The court held it to be a case of tort, and not of contract, and we think the case at bar comes strictly within the rule then laid down.
The order of reference should therefore be vacated *191 and the cause restored to the regular calendar for trial, with costs of appeal.