Rideout vs. The Milwaukee, Lake Shore & Western R. Co.

RIDEOUT, Respondent, vs. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY, Appellant.

*January 14 — February 2, 1892.*

*Pleading: Action, tort or contract? Joinder.*

A count in a complaint, setting out a contract for the carriage of horses and payment of the freight thereon, and alleging that the defendant so negligently and carelessly carried said horses that one of them was killed, is *held* to state a cause of action *ex delicto,* although the amount paid for freight is included in the sum for which judgment is demanded.

APPEAL from the Circuit Court for *Winnebago* County.

This is an appeal by the defendant railway company from an order overruling its demurrer to the complaint. The only ground of demurrer alleged is that two causes of action are improperly united. The complaint states two causes of action in separate counts. The first count charges that the railroad company neglected to fence its railroad at a certain point, by reason whereof an ox of the plaintiff strayed upon the railroad track and was run over and killed by a passing train. The other count charges that plaintiff delivered a number of horses to defendant at one point to be transported to another point on its line, and paid the regular freight thereon to defendant, to wit, $38.72, in consideration whereof the defendant agreed to transport the horses safely and securely to their destination. The count then charges that defendant, not regarding its duty as a common carrier, did not safely and securely convey the horses and deliver the same to plaintiff at the designated point, but, on the contrary, "the said defendant, its agents and servants, so carelessly and negligently behaved and conducted themselves in the premises that by and through the carelessness, negligence, and default of said defendant, its agents and servants in the premises,"

the horses were injured, and one of them killed, to the damage of plaintiff $300, which he claims, besides $50 for expenses in unloading, keeping, and treating the horses, made necessary by the rough, careless, and negligent management by defendant's servants of the cars containing them. The plaintiff demands judgment for a specific sum. A computation shows that such sum includes the freight on the horses.

For the appellant the cause was submitted on the brief of *Alfred L. Cary* and *Bradley G. Schley.* They cited *Bishop v. C. & N. W. R. Co.* 67 Wis. 610; *Colwell v. N. Y. & E. R. Co.* 9 How. Pr. 311; Pomeroy, Remedies, sec. 501; *Hoagland v. H. & St. J. R. Co.* 39 Mo. 451.

For the respondent there was a brief by *Phillips & Kleist,* and oral argument by *J. C. Kleist.*

Lyon, C. J. The first count in the complaint states a cause of action *ex delicto.* If the second count also sounds in tort, there is no misjoinder of causes of action, and the demurrer was properly overruled; otherwise, it should have been sustained. Hence the controlling question is, Does the second count state a cause of action *ex delicto?* We think it does. True, it sets out the contract of carriage, but the *gravamen* of the claim is the breach of duty by the railway company in that it so negligently and carelessly carried the horses that they were injured and one of them was killed. This court has held, several times, that complaints similarly drawn stated causes of action *ex delicto.* *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342; *Nelson v. Harrington,* 72 Wis. 591. See, also, *Wood v. M. & St. P. R. Co.* 32 Wis. 398; *Smith v. C. & N. W. R. Co.* 49 Wis. 443.

*By the Court.*— The order overruling the demurrer is affirmed.