Van Oss, Appellant, vs. Synon and another, Respondents.

*September 5 — September 26, 1893.*

*Action, tort or contract? Pleading: Estoppel: Reference: Examination of long account.*

1. An action in which the complaint demands judgment for a specific and liquidated sum, with interest, alleged to be due the plaintiff and withheld by the defendants in violation of the contract under which they collected it, is an action on contract, although it is also

alleged that defendants "have wrongfully converted the same to
their own use;" and a reference may be ordered therein if the trial
of the issues of fact requires the examination of long accounts.

2. The plaintiff in such action, having replied to and taken issue upon
defendants' counterclaim for the value of their services other than
those rendered in the collection of said money, is estopped to claim
that the action is in tort.

APPEAL from the Circuit Court for *Columbia* County.
The facts are stated in the opinion.
*Geo. W. Bird*, for the appellant.
*John H. Brennan*, for the respondents.

ORTON, J.   This is an appeal from an order appointing a
referee to hear, try, and determine the cause, on the ground
that the trial of the issues of fact will require the examina-
tion of a long account.

The plaintiff complains that she employed the defendants,
attorneys at law, to sue for and collect the moneys due her
upon two accident insurance policies, of $2,000 each, issued
by two different companies, and pay the same to her, less
their fees of $1,000.   After considerable litigation in the
circuit and supreme courts, the defendants recovered judg-
ments on said policies aggregating the sum of $4,582.41.
The insurance companies having threatened further litiga-
tion by appeal to the supreme court, the plaintiff, by the
advice or consent of the defendants, compromised and set-
tled with said companies at the sum of $3,200; and the
defendants received the same, and paid over to the plaintiff,
of that sum, only $1,450, and have never paid or accounted
for any balance thereof to her, "and have wrongfully con-
verted the same to their own use.".   The plaintiff has at
different times demanded that the defendants account to
her for the balance collected by them, and pay to her the
further sum of $550; and the defendants have neglected
and refused so to do, and still neglect and refuse, to her
damage of $550, and interest thereon from the 8th day of

Van Oss vs. Synon and another.

August, 1890. The plaintiff demands judgment against the defendants for the sum of $550, and interest as aforesaid. This is the substance of the complaint.

The answer of the defendants sets out the history of the litigation, and their services in the two suits in the different courts, and that it was necessary to procure medical evidence and assistant counsel, and to incur other expenses, and that they did so with the plaintiff's consent, and that after said judgments were rendered it was agreed between the plaintiff and defendants that the defendants should receive for their services, charges, and disbursements, of said judgments, the sum of $2,382.41, and that they should pay over to the plaintiff the sum of $2,200, as the balance thereof. After said judgments were compromised, as aforesaid, at the sum of $3,200, it was agreed between the plaintiff and defendants that the defendants were to receive, and accordingly did receive, of said sum, $1,750 for their services, and to pay certain expenses and charges, amounting to $940, and the plaintiff should receive, and did then receive, of said sum, $1,450. The defendants aver that their services, together with their disbursements, were reasonably worth the sum of $2,223.50, as will more fully appear by the statement and Exhibit A, and that said statement is full, fair, and just.

The defendants, as and for a counterclaim against the plaintiff, allege that as attorneys at law they performed services for the plaintiff and at her instance and request, in 1888 and 1889 and during the summer of 1890, of the value of $502.75, and such services are reasonably worth said sum, and no part thereof has been paid, and the plaintiff is justly indebted to the defendants therefor. Said services are more particularly set forth in Exhibit B. The defendants demand judgment for said sum of $502.75, together with costs and disbursements. The plaintiff replies to the counterclaim by a general denial and a specific denial of

Van Oss vs. Synon and another.

the items thereof contained in said statement marked "Exhibit B."

The statement marked "Exhibit A," annexed to the answer, contains about forty-five items debit, and nine items credit, and the statement marked "Exhibit B" contains about thirteen items of account. The contention of the learned counsel of the appellant is that it was error in the circuit court to grant the order of reference, for the reasons (1) that this action is in *tort;* and (2) that the trial of the issues does not require the examination of a long account.

. 1. Common-law actions are divided into actions *ex delicto* and *ex contractu*, or such as arise from torts or wrongs, and from contracts. A *tort* is a private or personal wrong, as distinguished from a wrong to the public, or crime. A tort is further distinguished from a contract (1) in that the party may be arrested on process and imprisoned on the judgment; (2) in that there is no right of contribution between the several defendants for a joint wrong; (3) joint tort-feasors or wrong-doers are *severally* liable; (4) at common law the action does not survive, but abates on the death of the party. These are very wide and important distinctions. A tort may grow out of or be coincident with a contract, and in such case it must clearly have all the necessary elements of a tort to be followed by such serious consequences. The action on the contract cannot be waived, and one in tort resorted to, except in a clear case of tort, and then, in such case, the tort may be waived for the action in contract.

These familiar principles may aid us in determining the nature of this action. An action in tort has also some incidents which distinguish it. The damages to be recovered are general damages, or those which necessarily and by implication of law result from the act or default complained of, and are unliquidated; and in case of default for not an-

swering in the action, application must be made to the
court for judgment on proof of the facts, or the facts may
be found by a referee. Secs. 2887, 2891, R. S. But in cases
arising from contract, if the complaint be verified, the clerk
enters judgment for the amount demanded in it, or, if un-
verified, he examines the plaintiff under oath, and enters
judgment for the amount called for by the written instru-
ment in suit, on its production.

The complaint itself must determine the nature of the
action. The demand is for a specific and liquidated sum
of money and interest thereon, which has been retained by
the defendants, as the plaintiff's attorneys, from the moneys
collected for her by them, in violation of their contract,
and which they have neglected and refused to pay over to
her on demand. In equity cases the prayer may not be im-
portant in determining the relief to which the plaintiff may
be entitled from the facts stated in the complaint, yet, in
view of these incidents in actions at law, the demand for
judgment is vastly important in determining the nature of
the action as between tort and contract, or as between
trover and money had and received. It is true the com-
plaint charges that the defendants "have wrongfully con-
verted the same to their own use;" that is, the balance of
$550 over and above the $1,450 the defendants had paid
the plaintiff as her share of the moneys collected by them.
It is contended that this allegation makes the action trover
and tort, but the demand for judgment for the specific sum
yet due the plaintiff and withheld by the defendants in
violation of the contract for its collection, renders this alle-
gation immaterial. The proceedings in the action by the
plaintiff, so far, show it to be in contract and not in tort.

The defendants counterclaim to the action for the value
of their services otherwise than those rendered in collect-
ing the insurance moneys. This would not be proper if the
action is in tort, and the plaintiff should have demurred to

the counterclaim or moved to strike it from the files. She treated the action as in contract, and replied to, and took issue upon, the counterclaim. She must not "blow hot and cold" in the same action, and is estopped from now claiming that the action is in tort. In *Western Ass. Co. v. Towle*, 65 Wis. 247, the complaint charged the defendants with having procured $1,000 insurance moneys from the plaintiff "by means of false and fraudulent representations and by false swearing," and their repayment is demanded. The question was whether the action was in tort or *assumpsit*. The plaintiff procured an attachment in the case. This court held that as the plaintiff had procured an attachment in the case, and thus treated the action as one in contract, it had great weight in determining the nature of the action as being in contract, and that the "demand for judgment for the amount of the money so unjustly withheld, and not to recover damages on account of the tortious acts of the defendants," also indicated the action to be in contract. In *Fifield v. Sweeney*, 62 Wis. 204, "the wrongful, false, and fraudulent" acts of the defendant, by which the money was obtained and withheld, were much stronger than in this case, but there was a demand for the amount of money fraudulently obtained; and it was said in the opinion that "the whole complaint goes upon an implied *assumpsit* to repay the moneys so had and received, and interest thereon, and *no other damage by reason of the fraud or mistake is claimed.*" The action was held to be in contract. In *Potter v. Van Norman*, 73 Wis. 339, the "unlawful conversion" of the proceeds of certain property was alleged in the complaint, but judgment for the exact sum and interest was demanded. It was held an action for money had and received. To the same effect is *Rawson Mfg. Co. v. Richards*, 69 Wis. 643.

It is too clear for further argument or reference to authorities that this action is one of contract and not of tort,

and that therefore the order of reference was properly made, so far as the nature of the action is concerned. It is conceded that an order of reference would be improper in an action of tort. From the nature of such an action it would seem to be obviously improper to peremptorily refer it to a referee for trial outside of the court, or in that way take away the right of trial by jury. The damages should be assessed by a jury. In New York, where the practice of reference is the same, the right to refer such an action is denied. *Clark v. Candee*, 29 Hun, 139; *Welsh v. Darragh*, 52 N. Y. 590; *Verplanck v. Kendall*, 45 N. Y. Super. Ct. 525; *Wood v. Hope*, 2 Abb. N. C. 186.

2. " When the trial of an issue of fact shall require the examination of a long account on either side," the court may direct a reference "upon the application of either party, or of its own motion." Sec. 2864, R. S. The statements or bills of particulars annexed to the answer as Exhibits A and B clearly show long accounts to be examined on the trial of the issues of fact. No argument seems to be necessary in order to show that this case is within the statute. We think the order of reference was proper and within the discretion of the court.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.