Casgrain and another vs. Hamilton.

CASGRAIN and another, Appellants, vs. HAMILTON, Respond-
ent.

*January 7 — January 28, 1896.*

(1) *Action, tort or contract?   Conversion: Reference.   (2) Costs.   (3) Ap-
peal: Bill of exceptions.*

1. An action to recover money alleged to have been collected by de-
   fendant for plaintiffs but converted by him to his own use — such
   conversion not being charged to have been wrongful or unlawful —
   is an action upon contract, and is referable if it involves the ex-
   amination of a long account.
2. The costs in such an action, exclusive of disbursements, are limited
   to $25 by sec. 2921, R. S.
3. The allowance by the referee and trial court of disputed items in
   an account is not reviewable on appeal, where the bill of excep-
   tions is not certified to contain all the evidence.

APPEAL from a judgment of the superior court of Mil-
waukee county: R. N. AUSTIN, Judge.   *Affirmed, except as
to a part of the costs.*

Action to recover money. The complaint charged that the defendant, by virtue of a power of attorney authorizing him so to do, had collected the sum of $8,418.75, being the amount of a judgment recovered by plaintiffs against Milwaukee county, and had failed to pay over the sum of $505.92 of such amount, though demand had been made on him for said sum, "and that he did then and there convert to his own use, and has ever since retained, the said sum of $505.92, to these plaintiffs' damage $505.92." Judgment is demanded for said sum and costs.

The defendant, by answer, admitted the receipt by him of the amount charged in the complaint, viz. $8,418.75, and alleged that he had paid therefrom, at plaintiffs' request, the following sums: To the plaintiffs, $5,000; to Turner & Timlin, attorneys' services, $2,750; to W. H. Austin, attorney's services, $300; to himself, for services and expenses, $113,— being a total of $8,163. The answer further alleges that it was agreed between himself and the plaintiffs that he should retain the balance of $255.75 for his services. By way of counterclaim the defendant pleaded an account for professional services as attorney for plaintiffs, containing sixteen items, the balance due upon which was alleged to be $676.29.

The plaintiffs' reply denied any services by defendant for plaintiffs save certain services in the action against Milwaukee county, amounting to $113, which had been paid.

Upon affidavit of defendant, showing that the trial of the issues arising on the counterclaim involved the examination of a long account, the court referred the action to a referee to hear, try, and determine, to the making of which order the plaintiffs objected and excepted. After hearing the evidence, the referee found that the defendant retained in his hands, of the amount collected, $255.75, belonging to the plaintiffs, but that he was entitled to recover on his counterclaim $311.29 (the balance of his counterclaim being disal-

lowed), and that he was entitled to judgment against the plaintiffs for the net balance of his counterclaim over and above the amount of money retained in his hands, to wit, $55.54. The report of the referee was confirmed by the court, and judgment thereon was rendered in favor of the defendant, with costs, taxed at $95.35, of which $79.93 was attorney's fees. Objection and exception was duly taken to the taxation of more than $25 costs, exclusive of disbursements, for the reason that the action was upon contract. From this judgment plaintiffs appealed.

*F. C. Eschweiler*, for the appellants.

For the respondent there was a brief by *Austin & Hamilton*, and oral argument by *C. H. Hamilton*.

WINSLOW, J. The appellants' first contention is that the action is not referable. Under the decisions of this court the complaint must be held to state a cause of action upon contract, and not in tort. Although conversion is alleged, it is not charged to be wrongful or unlawful. This exact question was decided in *Rawson Mfg. Co. v. Richards*, 69 Wis. 643, and discussion is not necessary. The complaint being upon contract, the case is identical, in all essential particulars, with the case of *Van Oss v. Synon*, 85 Wis. 661, in which an order of reference was held proper.

Upon the merits of the case it is contended that several of the items allowed to the defendant by the referee should not have been allowed. We are unable, however, to review these questions, because the bill of exceptions is nowhere certified to contain all of the evidence.

The taxation of costs, however, was erroneous. This was an action at law upon contract, and in such an action the costs are limited to $25, exclusive of disbursements. R. S. sec. 2921. The excess of costs, which was improperly taxed, is $54.93, and as to this the judgment is erroneous.

*By the Court.*— The judgment for damages is affirmed, and the judgment as to costs is reversed as to $54.93 thereof,

and affirmed as to the balance, without costs to either party, except that defendant must pay the fees of the clerk of this court.