W. H. KIBLINGER COMPANY, Appellant, vs. SAUK BANK, Respondent.
SAME, Respondent, vs. SAME, Appellant.

*April 12—April 30, 1907.*

*Action, tort or contract? Pleading: Foreign corporations doing business in state: Breach of contract to return note sent for collection: Damages: Costs.*

1. A complaint alleging an agreement by defendant bank to present a note for payment and in case of its nonpayment to return it to plaintiff on a certain date, and that defendant "failed and neglected to do so," is *held* a complaint on contract and not one for negligent omission of duty imposed by law.

2. A complaint showing merely that plaintiff, a foreign corporation, sent a note to defendant bank in this state for collection, with instructions to return it if not paid by a certain date, does not show plaintiff to have been an unlicensed corporation doing business in this state, so as to render the complaint demurrable.

3. In an action for breach of contract in failing to return a note to plaintiff at a certain time, the evidence—showing, among other things, that plaintiff had thereafter exhausted the resources of the maker of the note in the collection of later demands against him—is *held* to sustain a finding by the jury that there was no reasonable probability that the maker would have paid the note or any part of it if the bank had returned the note as agreed.

4. For breach of an agreement by a bank to return to the holder at a certain time a note sent to the bank for collection, the holder was entitled to recover nominal damages although it was found that even if the note had been returned there was no probability that the maker would have paid it.

5. The amount of a note being in excess of the jurisdiction of a justice of the peace, the holder, suing for such amount as damages for breach of a contract by a bank to collect or return the note, was entitled to bring his action in the circuit court and, on recovery of nominal damages, to recover costs also.

APPEALS from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Cross-appeals from a judgment for nominal damages and costs in favor of the plaintiff and against the defendant.

For the appellant there were briefs by *Dithmar & Carow,* and oral argument by *J. W. Carow.*

*G. Stevens,* for the respondent.

TIMLIN, J. The action as shown by the complaint is on contract. It avers that the defendant for a valuable consideration undertook and agreed to present the note in question to the maker for payment, and in case of nonpayment to return it to the plaintiff on February 5, 1902, and then avers that defendant failed and neglected so to do, whereby the sum due and payable on said note was wholly lost to the plaintiff.

It is always a close question whether a complaint is for breach of contract or negligent omission of duty imposed by law where the same act would constitute a breach of the contractual obligation as well as of the legal duty. The averments of the contract obligation taken together with the words "failed and neglected to return the same to the plaintiff as requested" determine the character of this complaint as one upon contract and not one where negligent omission of duty imposed by law is relied on. In the latter case the act upon which liability is predicated is charged to have been negligently done. In the former that the party bounden "failed

and neglected," that is to say "omitted," to perform. Winslow's Forms, Nos. 903, 904; *Van Oss v. Synon,* 85 Wis. 661, 56 N. W. 190; *Lane v. Frawley,* 102 Wis. 373, 78 N. W. 593; *Casgrain v. Hamilton,* 92 Wis. 179, 66 N. W. 118.

The oral demurrer to the complaint on the ground that the plaintiff is shown thereby to have been an unlicensed foreign corporation doing business in this state was not well taken because the complaint shows no more than that the plaintiff, a foreign corporation, sent a note to defendant bank for collection, with instructions to return the same if not paid by February 5, 1902. *Catlin & P. Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818.

The jury found upon special verdict that there was no reasonable probability that the maker would have paid the note or any part of it had the bank performed its part of the contract. It is said that this finding is not supported by evidence. But it appeared without contradiction that on and between April 9 and April 29, 1902, the plaintiff delivered to Rieser, the maker of the note in question, other merchandise to the amount of $937.25, in pursuance of a contract made the fall before, and that the note in question was dated April 23, 1901, and due September 1, 1901, and for the sum of $329.25. It was on January 23, 1902, sent to the defendant bank with instructions to present the same to the maker, Louis Rieser, for payment, and if not paid by February 5, 1902, to return the same to the plaintiff. The defendant omitted to return the note to the plaintiff and the plaintiff omitted to make demand therefor. About September 22, 1902, an agent of the plaintiff came to Sauk City with apparent authority to collect from Rieser for the sales of April, 1902. Rieser mortgaged his homestead, which contained something more than one fourth of an acre, was within the limits of an incorporated village, and worth altogether about $1,200, to the defendant bank for $815, and out of the money thus raised paid the plaintiff's agent on or about September 22, 1902, $700 to apply on the said purchase, and paid the

bank about $115 on other demands, first offering to the agent, however, to apply part of the $700 in payment of the note in question. The agent answered that he had no account of that note and no authority to collect it, and insisted on Rieser applying all the money on the later account. Rieser also gave this agent some notes of third persons belonging to Rieser to cover the balance due on the sales made to Rieser by the plaintiff in April, 1902. Rieser was adjudicated a bankrupt on March 19, 1903, and outside of this mortgaged homestead property had no property liable to seizure on execution and very little property of any kind, and was not able to turn over anything to his assignee in bankruptcy. It was also in evidence that at the time Rieser bargained for the goods of the plaintiff which were delivered to him in April, 1902, the plaintiff's agent informed Rieser that the plaintiff would take care of the note in question awhile and not press Rieser for payment of it, if the latter would give an order for these goods, and Rieser then told this agent that he could not do anything for the plaintiff on that note until the next summer. In considering whether there was evidence to support the verdict we must eliminate from Rieser's resources the money and property which the plaintiff secured from him on September 22, 1902. The plaintiff could not come in on this later demand and strip Rieser of his resources for payment and then hold the defendant liable because the defendant might have collected out of these same resources or might have returned the note and enabled the plaintiff to collect out of these same resources. 1 Sutherland, Dam. (3d ed.) §§ 88, 89, 90; *Franklin v. Smith,* 21 Wend. 624; *Lawrence v. Porter,* 26 L. R. A. 167. Taking this out of Rieser's resources there was ample evidence to support the verdict of the jury notwithstanding the burden of proof was upon the defendant to show that there was no reasonable probability that the note would have been paid and that it could not have been collected had it been returned. Hence the circuit court did not err in refusing to direct a verdict for the amount of this

note in favor of the plaintiff nor in refusing to change the answer of the jury to the special verdict from "no" to "yes."

Upon the defendant's appeal it is claimed that the judgment should be reversed because the court awarded nominal damages and costs to the plaintiff. There was a breach of the contract on the part of the defendant in failing to return the note on February 5, 1902. For this breach the plaintiff was entitled to nominal damages at least. The evidence heretofore referred to, of the insolvency of Rieser and his attitude toward the note in question and the improbability of his paying the note in question, went only to show that the plaintiff was not damaged to the extent of the amount due on the note or any part of that amount, but was not otherwise defensive matter. The note being in excess of the jurisdiction of a justice of the peace, the plaintiff, suing for the amount thereof as damages for breach of a contract to collect or return, was entitled to begin an action in the circuit court and to recover costs. Sec. 2918, Stats. (1898), and cases in note.

*By the Court.*—The judgment of the circuit court is affirmed.