BOEHRER, Respondent, vs. JUERGENS & ANDERSON COMPANY, Appellant.

*October 18—November 5, 1907.*

*Pleading: Complaint: Construction: Cause of action alleged: Contract or tort? Demurrer: Common carrier: Negligence: Proximate cause of injury.*

1. Where a given default may constitute both a breach of contract and a tort, in construing a complaint containing apt allegations charging a default in both aspects the true and logical test is: If from the whole complaint it appears that the contract is alleged chiefly or wholly by way of necessary inducement in order to show the existence of a duty, and the emphasis is laid upon wilful or wrongful disregard of this duty, intent to charge a tort is to be inferred, while if the contract appears to be stated as the basis of the action, and the emphasis is laid not upon the wilful and negligent breach of duty, but upon default in carrying out the contract, then the intent is to charge a mere breach of contract.

2. In an action against a manufacturing jeweler to whom jewels had been sent for repair it was alleged in the complaint that plaintiff's damages arose from the defendant's failure to state the value of the goods, according to custom, when the package was delivered to an express company to transport to plaintiff. *Held,* that such failure could only be the proximate cause by reason of the fact that plaintiff lost or was deprived of some remedy against the express company because the value was not stated.

3. In such case, if the express company owed the same degree of care to the plaintiff whether the value was stated or not, then the omission to state the value deprived the plaintiff of no remedy against the express company and could not be the cause of any damage.

4. In such case, there being no allegation that defendant had entered into any contract limiting the liability of the express company, under the general rule of law that express companies, being common carriers, in the absence of contract limiting their liability are insurers of the safe delivery of goods which they receive for carriage, the complaint is *held* not to show any act or default on the part of the defendant which proximately caused any damage to the plaintiff.

APPEAL from an order of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Reversed.*

This is an appeal from an order overruling a general demurrer to the complaint. The complaint, after alleging that the defendant was and is an Illinois corporation located at Chicago and engaged in the business of manufacturing jewelry and mounting precious stones, charges that on November 7, 1905, the plaintiff owned certain diamond rings and other jewelry of the value of $367.50, and on that day, at the request of the defendant and believing that the defendant would exercise care and diligence in handling the same, sent them by express to the defendant for the purpose of having them repaired and remounted by the defendant, and that defendant received the same knowing their value and became a bailee thereof for hire. The complaint then proceeds as follows:

"That at the time of the sending and delivery of said goods to the defendant, as aforesaid, it was and for a long time has been and now is the custom in the jewelry trade to have packages of such value marked and valued at the sum of $50 or more, and at a sum approximating true value, in order to insure greater care and vigilance in the transportation, handling, and carrying of such packages by express companies, and in order to insure reimbursement to the owner for the value thereof in case of loss or destruction in transit, all of

which custom and usage defendant well knew and understood and was bound to observe, and that defendant well knew, as the fact is, that it is a rule of express companies that, when packages are so valued, to take greater care in the carriage of the same and for the safe and prompt delivery thereof, and that when so valued the express companies are insurers of the safe delivery thereof, and, in case of loss or destruction in transit, are bound to reimburse the owner for the value so placed thereon, and that this defendant at the time of soliciting the business impliedly represented and agreed to and with plaintiff (and that it was a part of the contract or terms of said bailment) that it would, through its officers, employees, or servants, mark and value all returned packages at their just and reasonable value, and that this plaintiff in sending said goods to and intrusting the defendant with the possession of said goods relied upon said representation and agreement, and that it then and there became and was the duty of the defendant, when attempting to return or redeliver said goods to the plaintiff after repairing and mounting the same, to cause the package containing the same to be valued at its just and true value and to mark the same accordingly, and to communicate its true value to the express company when delivered to such company for carriage, and to take from said express company its written receipt, wherein said value would be truly stated, and to use care, diligence, and precaution in securing and insuring the safe return of said goods to the plaintiff. But the plaintiff alleges, upon information and belief, that the defendant, wholly neglecting and disregarding his duty, obligation, and agreement in that behalf, on or about the 11th day of November, 1905, carelessly and negligently, and in violation of its said representations and agreement with plaintiff and without plaintiff's knowledge, delivered the package containing and inclosing all of said articles of rings, jewelry, and gems to the United States Express Company, at Chicago, Illinois, for carriage and delivery to the plaintiff at Viroqua, Wisconsin, without causing the same to be marked or valued at any sum whatever and without communicating to said express company, its officers, messengers, or agents, the true value thereof, or any value. That by reason of said defendant's negligence and breach of duty in such respect the said

articles were never at any time delivered to or received by the plaintiff, but that the same were lost, to the damage of the plaintiff in the sum of $367.50."

For the appellant there were briefs by *Higbee & Higbee*, and oral argument by *J. E. Higbee.*

*C. W. Graves* and *R. B. Graves,* for the respondent.

WINSLOW, J. The question whether this complaint is in contract or tort was somewhat discussed upon the argument and may admit of some doubt. It will be noticed that a contract of bailment is set forth, and it is alleged that one of the implied provisions of the contract was that the value of the package should be marked upon it when delivered to the express company for carriage upon its return, but that the defendant failed and neglected so to do. From these allegations it is argued that the complaint is plainly on contract; but it is also to be noticed that the defendant's default is characterized as a negligent and careless disregard of duty, and that the damage to the plaintiff was the result of such negligence and breach of duty—expressions which are more appropriate to the statement of a tort than to the statement of a mere breach of contract.

Where a given default may constitute both a breach of contract and a tort, and the complaint contains apt allegations charging the default in both aspects, the question as to how the complaint should be construed becomes sometimes difficult. The true and logical test would seem to be that if it appears by the whole complaint that the contract is alleged chiefly or wholly by way of necessary inducement in order to show the existence of a duty, and the emphasis is laid upon wilful or wrongful disregard of this duty, the intent is to charge a tort; while if the contract appears to be stated as the basis of the action, and the emphasis is laid not upon the wilful or negligent breach of duty, but upon default in carrying out the contract, the intent is to charge a mere breach

of contract. The question has frequently arisen in actions against common carriers where it becomes necessary to set forth the contract of carriage in order to show that the defendant was charged with the responsibilities of a common carrier, and the rule above stated seems to be the fair result of the authorities. *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342, 11 N. W. 356, 911; *Rideout .v. M., L. S. & W. R. Co.* 81 Wis. 237, 51 N. W. 439; *McKeon v. C., M. & St. P. R. Co.* 94 Wis. 477, 69 N. W. 175. Practically the same principle has been applied to an action by a patient against a physician for malpractice. *Nelson v. Harrington,* 72 Wis. 591, 40 N. W. 228. It does not become necessary to classify this complaint upon this appeal, for the reason that whether it be construed as upon contract or on tort the sole material question presented is whether it appears therefrom that the defendant's failure to state the value of the goods according to the custom when it delivered the package to the express company was the proximate cause of any damage to the plaintiff.

It could only be such proximate cause by reason of the fact that the plaintiff lost or was deprived of some remedy against the express company because the value was not stated. If the express company owed the same degree of care to the plaintiff in the transportation of the goods whether the value was stated or not, then the omission to state the value has deprived the plaintiff of no remedy against the express company and cannot be the cause of any damage. The general rule of law is that express companies are common carriers, and in the absence of contract limiting their liability are insurers of the safe delivery of goods which they receive for carriage. 12 Am. & Eng. Ency. of Law (2d ed.) 546; *Marshall v. Am. Exp. Co.* 7 Wis. 1. It is not alleged that there is any custom by virtue of which the stating of the value of the goods enlarges their liability. It cannot be assumed, in the absence of allegation, that the defendant entered into any

contract limiting the liability of the carriers. Hence the complaint fails to show any act or default on the part of the defendant which proximately caused any damage to the plaintiff.

*By the Court.*—Order reversed, and action remanded for further proceedings according to law.