KINDINGER, Respondent, vs. BEHNKE and others, Appellants.

*September 19—October 8, 1912.*

*Garnishment: When may issue: Intervening claimant: Traverse of answers: Burden of proof: Pleading: Action, tort or contract? Breach of covenants of lease.*

1. Where garnishees severally answer, admitting indebtedness to the principal defendant but alleging that a third person claims to be the owner of the demands, plaintiff need not traverse such answers if satisfied with the amounts admitted.

2. Nor where the third person intervenes and by an answer claims to own the demands against the garnishees is a traverse of such answer necessary, since the affirmative matter therein not constituting a counterclaim is in issue by force of sec. 2667, Stats. (1898).

3. In any event, when an intervener comes in either as plaintiff or defendant for the purpose of making a claim to some property or fund adverse to the other parties or either of them, the burden of proof is upon him to establish such claim.

4. The complaint in this case, claiming damages on account of destruction, alteration, and injuries to sawmill property leased by plaintiff to defendants, is *held* to be based upon alleged breach of the covenants of the lease and to state a cause of action on contract, not one sounding in tort.

5. Sec. 2753, Stats. (1898), providing for garnishment "in any action to recover damages founded upon contract," is not limited to actions for liquidated damages.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The appeal is from a judgment in a garnishment action.

The plaintiff began an action against *W. A. Behnke* and *A. L. Behnke,* copartners, setting forth a first count or cause of action for the reformation of a lease executed by plaintiff to said defendants in which the leased property was by mistake incorrectly described. For a second cause of action averring that the plaintiff was the owner of certain real estate consisting of a piece of land, a sawmill, and machinery and tools, which he leased to said defendants, and that in and by said lease said defendants covenanted and agreed that at the expiration of their term they would surrender the premises to the plaintiff in as good condition as the same then were, necessary wear and tear and destruction by the elements excepted. Contrary to the terms, conditions, and covenants of their lease defendants utterly failed and neglected to surrender said premises to plaintiff in as good condition as they were at the time of said lease, setting forth such condition in great detail. That defendants made various changes and alterations in said leased premises without plaintiff's consent or approval, and that the boiler on the leased premises exploded through the negligent and careless handling thereof by defendants, by reason whereof the foundation and casing whereon the same stood was completely cracked and demolished, damaged, etc., the engine room blown down, certain castings broken, etc. After said explosion said defendants insufficiently repaired. During their term defendants operated the sawmill in a careless and reckless manner, caused considerable breakage and destruction, suffered and permitted the premises to become littered and clogged up with sawdust, and at the expiration of their term, contrary to their agreement and covenant, left, vacated, and surrendered said premises with such alterations, changes, demolitions, displacements, damages, and injuries as aforesaid, and refused to repair the same or restore the same

to the condition the premises were in when the lease was made. By reason of these things the plaintiff was greatly damaged, and it will require the expenditure of $775 to restore the premises to as good condition as the same were in when the lease was made, natural wear and destruction by the elements excepted. In this count there is also a claim for $85 for tools, etc., negligently lost or wrongfully appropriated by defendants to their own use, etc. For a third and separate cause of action the plaintiff alleged that when defendants entered under their lease plaintiff had on hand at the mill certain hemlock slabs suitable for fuel which the defendants desired to use for that purpose, and offered plaintiff in exchange thirty cords of hardwood slabs. Defendants used the hemlock slabs, notwithstanding demand refused to deliver the hardwood slabs to plaintiff, damage in the sum of $41.63. The defendants by answer admitted the making of the lease and their entry thereunder, the receipt of the slabs, which they claimed had been paid for, and also interposed a general denial and a counterclaim. The case was tried to a jury and a special verdict returned, upon which judgment was rendered against the defendants in the principal action for damages and costs. This judgment is not appealed from.

For the appellants there was a brief by *W. K. Parkinson,* attorney for defendants, and *J. E. McMullen,* of counsel, appearing for *Albert Behnke,* claimant, and a supplemental brief and oral argument by *Mr. McMullen.*

For the respondent the cause was submitted on the brief of *Holland & Lovett.*

TIMLIN, J. While the action above mentioned was pending the plaintiff therein, respondent here, upon proper affidavits caused summons in garnishment to be issued against several persons alleged to be indebted, etc., to the defendants. These persons each answered admitting an indebtedness to the defendants *W. A. Behnke* and *A. L. Behnke,* but alleging fur-

ther that one *Albert Behnke* claimed to be the owner of the demands against them.    By due proceedings thereafter *Albert Behnke* was allowed to intervene as such claimant and served what he called an answer, claiming to own the demands.    The plaintiff did not traverse the answers of either of the garnishees or that of *Albert Behnke*.    After judgment in the principal action the garnishee action came on for trial.    Plaintiff offered in evidence the judgment roll in the principal cause, also other evidence.    The intervener, *Albert Behnke,* offered no evidence, but left his claim of title to the demands against the garnishees entirely unsupported, and judgment went in favor of the plaintiff against each garnishee for the amount admitted in the answer of the latter, and from this judgment the three *Behnkes* appeal.

There was no occasion for traversing the several answers of the garnishees if plaintiff was satisfied with the amount which each admitted he owed to the principal defendant, and we must assume plaintiff was satisfied.    Neither was there any necessity for a traverse of the answer of the intervener.    If he chose to take the position of a defendant and answer the affidavits in garnishment, the affirmative matter in his answer not constituting a counterclaim was at issue by force of statute.    Sec. 2667, Stats. (1898).    In any event, when an intervener comes in, either as plaintiff or defendant, for the purpose of making a claim to some property or fund adverse to the other parties or either of them, he must make good his claim.    The burden of proof is, under such circumstances and upon this point, on him.    So there is nothing to impeach the judgment appealed from upon its merits.    But it is contended that the principal action was upon a claim sounding in tort and that upon such demand no garnishment is authorized.    However, it appears quite clearly to us that the principal action was one for damages caused by breach of the covenants of a lease.    The subject of the second cause of action is thus introduced, and the long detailed description of acts negli-

gently done, etc., is intended to show that the dilapidation was not the result of ordinary wear and tear. The complaint is awkward and unscientific, but it is enough. *W. H. Kiblinger Co. v. Sauk Bank,* 131 Wis. 595, 597, 111 N. W. 709; *Boehrer v. Juergens & A. Co.* 133 Wis. 426, 113 N. W. 655; *Johnston v. Charles Abresch Co.* 123 Wis. 130, 101 N. W. 395.

Being "an action to recover damages founded upon contract" (sec. 2753, Stats. 1898), the garnishment was properly issued. The statute does not say "liquidated damages," but uses general words, and it would be an extraordinary and unsound construction which would undertake to limit the word "damages" by interpolation of the adjective "liquidated." *Fire Dept. v. Tuttle,* 50 Wis. 552, 7 N. W. 549; *First Nat. Bank v. Van Vooris,* 6 S. Dak. 548, 62 N. W. 378.

Several minor questions relating to the taxation of costs and its effect as recognition of the principal action as one sounding in tort are argued, but with the judgment in the principal action a verity, the garnishees admitting the indebtedness to the principal defendants, and the intervener offering no evidence to uphold his claim to the demands against the garnishees, and the complaint in the principal action consisting of one cause of action in equity for reformation of the lease and two others for damages for breach of its covenants, it is unnecessary to prolong the discussion, for the judgment in garnishment could not, under the circumstances, be reversed or modified.

*By the Court.*—Judgment affirmed.