Gager and others vs. Marsden.

GAGER and others, Respondents, vs. MARSDEN, imp., Appellant.

*December 21, 1898 — January 10, 1899.*

(1) *Parties: Substitution: Legal capacity to sue: Demurrer.* (2) *Insolvent corporation: Winding-up action: Joinder of causes.*

1. Mere error of the trial court in making a substitution of plaintiffs does not go to the legal capacity of the substituted plaintiffs to sue; and on a demurrer for want of such capacity the complaint stands as if the action had originally been commenced by such plaintiffs.

2. Under ch. 140, R. S. 1878, but one winding-up suit to settle the affairs of an insolvent corporation is proper, and in that suit all the rights

Gager and others vs. Marsden.

and all the liabilities of creditors, officers, and stockholders are to be worked out. The various liabilities enforceable therein are not separate causes of action, but are mere incidents or parts of one subject or cause of action,— the settlement of the corporate affairs.

| 101 | 598 |
| e117 | ²376 |
| 117 | ²377 |
| 117 | ²378 |
| c117 | ²379 |

APPEAL from an order of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

*Henry Marsden,* as a stockholder of the defendant banking corporation, commenced, as sole plaintiff, an action against such corporation, as sole defendant, for the appointment of a receiver and settlement of its affairs because it was insolvent. A receiver was appointed with the usual powers in winding-up proceedings, who duly qualified and took charge of the property of the corporation. Later the complaint was amended so that *Marsden* appeared as a stockholder and creditor as well. It contained the necessary allegations in an action to dissolve and fully settle the affairs of an insolvent corporation, and a prayer for appropriate relief in such cases.

Later *C. M. Gager* and other creditors of the bank, who now appear as plaintiffs, petitioned the court, setting forth their creditor relations to the corporation and facts tending to show that the directors of the bank negligently permitted the money deposited therein to be lost, squandered, and stolen; that they knowingly permitted false reports as to the condition of the bank to be filed with the state treasurer and with the register of deeds of Rock county; that said reports, though false, were attested as true by directors for the purpose of deceiving persons into depositing money with the bank, and that on the faith of such representations the petitioners so deposited money; that, with knowledge of the insolvency of the bank, dividends were paid to stockholders; that the capital stock was not fully paid; that through fraudulent practices of the directors the entire capital and surplus of the bank, and a large part of the money deposited by stockholders, had been stolen, wasted, and lost; that plaintiff,

*Marsden*, was one of the guilty parties, and all the stockholders and officers of the bank should be made parties to the action to the end that the liabilities of each might be determined and enforced and all the affairs of the corporation wound up. The prayer was that petitioners be substituted as plaintiffs in place of *Marsden*, that he be made a defendant, that the officers and stockholders of the bank should all be made parties defendant, and that the complaint be amended, setting forth the facts mentioned in the petition, with appropriate prayer for relief.

The petition was granted and an order entered accordingly, and enjoining proceedings on the part of other creditors against the defendants till the further order of the court. The complaint was amended accordingly, to which *Marsden*, as defendant, demurred, first, for want of legal capacity of plaintiffs to sue; second, for defect of parties plaintiff; third, for defect of parties defendant; fourth, for the improper joinder of several causes of action; fifth, for want of facts stated sufficient to constitute a cause of action against *Marsden*. The demurrer was overruled, and *Marsden* appealed.

For the appellant there was a brief by *Fethers, Jeffris & Mouat*, and oral argument by *M. G. Jeffris* and *J. M. Clancy*. Among other things they argued that it was error to remove the appellant as plaintiff in the action brought by him against the bank alone, substituting other creditors as plaintiffs and making him a defendant. He was a proper plaintiff in a proper action brought under secs. 3218, 3219, R. S. 1878, and had complied with both the letter and spirit of those statutes. A receiver had been appointed, and neither other creditors nor the attorney general could interfere with his rights, but all must seek such relief as they were entitled to in that action. There was no precedent for such a substitution. Creditors might bring another action under sec. 3223 to enforce the statutory liability of stockholders and offi-

cers. These two statutes had separate and independent pur-
poses to accomplish. The demurrer for misjoinder of causes
of action ought to have been sustained. The plaintiffs'
amended complaint joined five different causes of action, viz.,
one upon contract, to enforce the liability of stockholders and
directors as to stock dividends; one against directors who
voted to pay dividends before the stock was paid up. This
was penal and was for the benefit of those who were cred-
itors when the dividends were voted. *Kleckner v. Turk*, 45
Neb. 176; *Ashley v. Frame*, 4 Kan. App. 265; *Stone v. Lan-
non*, 6 Wis. 497. The third cause of action was for filing
and publishing false reports of the condition of the bank.
This is an action for fraud, and the remedy is for those in-
jured by trusting in those reports. A fourth cause of action
is for various neglects of officers and directors. All were
not guilty of the same neglects or to the same degree. And
a fifth is a general equitable action for the winding up of
the affairs of the bank and distribution of its assets. Under
sec. 3221 officers or stockholders who are made liable by
law for the payment of its debts may be made parties to an
action by a creditor against an insolvent corporation. All
these various kinds of relief against parties not jointly lia-
ble are sought in this one action.

For the respondents there was a brief by *Sutherland &
Nolan* and *Olin & Butler*, and oral argument by *J. M. Olin*
and *H. L. Butler*.

MARSHALL, J. In support of the objection to the com-
plaint that plaintiffs have not legal capacity to sue, appel-
lant's counsel say the court erred in substituting *Gager* and
his associates as plaintiffs in place of *Marsden*. It is a suffi-
cient answer to that suggestion to say that mere error of
the court in making the substitution of plaintiffs, if there be
such error, and none is perceived, does not go to legal capac-
ity of the plaintiffs to sue. The order of the court substi-

Gager and others vs. Marsden.

tuting the present plaintiffs for *Marsden*, stands as the law of the case till reversed or set aside in some proper proceedings. It is not subject to review on demurrer to the complaint. The complaint stands as if the action were originally commenced by the present plaintiffs against the present defendants. It cannot be seriously contended but that plaintiffs, as creditors of the bank, were competent to institute and prosecute such an action, and that is the only subject covered by the demurrer on the ground of want of legal capacity to sue. *Murray v. McGarigle*, 69 Wis. 483.

In support of the demurrer that several causes of action were improperly joined, counsel for appellant ingeniously argue that the several provisions of ch. 140, R. S. 1878, relating to the winding up of corporations and distributing their assets, and enforcing the liability of stockholders and officers, contemplate several distinct actions on separate and distinct causes of action to enforce distinct species of liability, and they argue with much earnestness and learning that the law governing the subject is in much confusion and uncertainty, and appeal to the court to clear that up and make the practice plain to the bench and bar in this very important field of litigation. If all uncertainties in regard to a subject involving such a diversity of interests can be removed, precluding all opportunity for different legal minds to come to different conclusions, " 'tis a consummation devoutly to be wished;" but human experience does not leave room for hope that the desired end can be reached. The law will probably never be settled with sufficient definiteness to prevent learned counsel, stimulated to exertion by new situations or old but unfamiliar situations, from suggesting and urging upon the attention of the court over and over again old questions which, in the light of some unusual hardship, appear, to those whose desired course is barred thereby, to have been settled wrongly or not to cover at all the particular environment in which they find themselves.

Gager and others vs. Marsden.

It was supposed that *Hurlbut v. Marshall*, 62 Wis. 590, determined for all time in this court, and for all courts of this state having to do with the subject, that but one winding-up suit to settle the affairs of a corporation is proper, and that in such suit all the rights and all the liabilities of creditors, officers, and stockholders are to be worked out. This court so understood it then and has never departed from that view, as indicated in the opinion of Mr. Justice WINSLOW in *Gager v. Bank of Edgerton*, *ante*, p. 593. The careful practitioner hardly need go astray because of cases where only a part of the relief obtainable in a winding-up proceeding was sought and which were sustained for that particular relief. *Gianella v. Bigelow*, 96 Wis. 185; *Booth v. Dear*, 96 Wis. 516; and *Williams v. Meloy*, 97 Wis. 561, were solely to enforce the personal statutory liability of stockholders, sustained as such and properly so, but in perfect harmony with *Hurlbut v. Marshall*, *supra*, that the same liability, and all other liability of stockholders and officers of corporations, may be enforced as part of the relief obtainable in a general winding-up suit. *Gores v. Day*, 99 Wis. 276, and *South Bend C. P. Co. v. George C. Cribb Co.* 97 Wis. 230, were instituted by creditors to enforce the liability of corporate officers to make good money lost through their fraud and culpable negligence, and it was said, following literally the words of sec. 3239, R. S. 1878, that such liability could be enforced in an action by creditors, as was there attempted. But there is nothing in the opinions in those cases warranting the contention that the remedy cannot also be administered in a general winding-up suit.

The section referred to expressly provides that the jurisdiction of the court over the subject referred to therein shall be exercised in an action prosecuted by the attorney general in the name of the state or by any creditor of the corporation, or by any director, trustee, or officer thereof having a general supervision of its affairs, as the case may require or

the court may direct. Whether the action be brought by a creditor under sec. 3219 to enjoin the officers of the corporation, or under sec. 3223 to charge directors, trustees, or other officers or stockholders of a corporation on account of a liability created by law, or under sec. 3239 to enforce the liability under sec. 3237, or the common-law liability to make good money negligently or fraudulently lost or wasted, it will readily be seen makes no difference with the power of the court to broaden the action out so as to administer all the relief obtainable under all the sections mentioned, and others contained in ch. 140, if the matter be looked at considerately, even as an original proposition depending on the plain wording of the statutes. A creditor may bring an action in either case. It is said in sec. 3239, that the jurisdiction of the court over the subjects mentioned in sec. 3237 shall be enforced in a creditor's action as well as in an action brought by the attorney general or by an officer of the corporation; and it is said in sec. 3227 that whenever an action shall be commenced under any of the provisions of ch. 140, against a corporation, its officers or stockholders, the court may, on the application of either party, at any stage of the proceeding, restrain all proceedings by any other creditor against the defendants in such action. The fact that when an action under ch. 140 is brought to enforce the liability of stockholders or officers, all other actions by creditors may be enjoined, carries with it, as plainly as if expressed, that all liabilities are enforceable in the one action that may be enforced in an action brought under any one of the sections. The legislative scheme is that the whole subject of winding up a corporation, settling with its creditors, and distributing its assets shall be brought before the court as one cause of action. The various liabilities enforceable in such action are not separate causes of action, but are mere incidents or parts of one subject or cause of action: — the settlement of the corporate affairs. In an equitable action many

matters are often adjudicated which would form the subject of an independent action, either at the suit of plaintiff against one or more of the defendants, or between different defendants, yet are properly brought before the court as germane to the subject of the action stated in the complaint. They are not separate causes of action, but incidents of a single subject or cause of action forming the purpose of the suit.

The foregoing is in accordance with the plain scheme of the Code. It was designed to preserve and make more perfect by new forms the method for the settlement in one action, denominated a civil action, of all the rights of a party plaintiff, or parties plaintiff united in interest in the subject thereof, and the rights of adverse parties, both as between them and the plaintiff or plaintiffs, or some of them, and between themselves, not only as to the subject of the action but the subjects germane thereto. Sec. 2602, R. S. 1878, says, "All parties having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs," unless otherwise provided. Sec. 2603 provides that "any person may be made a defendant, who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein." Sec. 2604 says, the parties to the action who are united in interest must be joined as plaintiffs, except they refuse, when such as refuse may be joined as defendants. Sec. 2610 provides that the court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others or by saving their rights, and may bring in all parties necessary to such determination. Sec. 2648 says that the *only pleading on the part of the defendant, aside from a demurrer, is an answer;* but sec. 2655 provides that the answer, in addition to putting the allegations of the complaint in issue, may state any new matter constituting a defense or counterclaim, and it is further provided that the

plaintiff may reply to that part of the answer constituting a counterclaim. Sec. 2883, as it stood up to the time of the late revision, which has not in fact changed it, authorized judgment for or against one or more of several defendants, and determining the ultimate rights of parties on each side as between themselves, and granting to any defendant any affirmative relief to which he may be entitled. The system is complete, as said in *Kollock v. Scribner*, 98 Wis. 104, enabling the court in a single action, by the presentation of issues made up by the complaint, answer, and reply, to take within its jurisdiction a single subject or controversy, and all parties interested therein adverse to the plaintiffs, and all necessary to be before the court for their due protection and for the determination of the entire controversy, including such matters as may be germane to the primary subject of the action.

Considering the sections of the Code above referred to with the sections of ch. 140 relating to the enforcement of rights respecting corporations, their officers or stockholders, it will readily be seen how perfectly they are adapted to the formation and trial of all the issues necessary to a full determination and perfect protection of all the rights of each and all the parties in an action that may be properly brought before the court therein, and that no other method exists or can be suggested that will accomplish that result. The whole scheme appears to be free from confusion, free from uncertainty, and free from all difficulty, even if it were not settled by prior adjudications of the court.

If a suit be brought by a creditor under secs. 3218 and 3219, to close up the entire business of a corporation, the statutory liability of stockholders, and the liability of directors and officers and stockholders of the corporation for the payment of the indebtedness of the corporation in any event or contingency, and the liability of the directors, managers, trustees, and other officers of the corporation to make good

any money or property squandered or lost through their fraud or negligence, are all germane to the subject of the action, therefore may all be properly brought in as parts of the one controversy. The various liabilities in such an event do not constitute separate causes of action. There is but one cause of action, that for the closing up of the business of the corporation; the other matters are germane to that cause and necessary incidents of it. If an action be commenced to charge the directors, trustees, or other officers or stockholders of a corporation on account of any liability created by law, mentioned in sec. 3223, R. S. 1878, then under sec. 3224 the court is required to proceed as in other cases, and if it appear that the corporation is insolvent, or it be claimed that such is the fact, the court is required to ascertain and enforce the liabilities of directors, trustees, and other officers, substantially the same as in an action to close up the business of the corporation, and the liabilities of all the officers and directors and stockholders to the corporation, in which the creditors are interested, are germane thereto and necessarily incident to a full determination of the proceedings; and if an action be brought by a creditor to enforce the liability of directors or other officers of a corporation to make good money or property fraudulently lost or wasted by them, the interest of the prosecuting creditor or creditors being contingent on the necessity of enforcing such liability in order to secure payment of their claims against the corporation, all the liabilities of stockholders and directors, and the collection and distribution of the assets of the corporation, are germane to that action, substantially the same as in an action for closing up the entire business of the corporation. So in either case there is really but one subject or cause of action. The test of whether there is more than one cause of action stated in a complaint. is not whether there are different kinds of relief prayed for, or objects sought, but whether there is more than one pri-

mary right sought to be enforced, or one subject or controversy presented for adjudication.

Further discussion of this subject is unnecessary. It has been very plainly covered in the opinion of Mr. Justice WINSLOW in the case decided herewith and before referred to (*Gager v. Bank of Edgerton, ante,* p. 593), which, with the foregoing, decides all the questions that call for special mention in deciding this case, and all that are argued in appellant's brief. The demurrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed.

BARDEEN, J., took no part.

