CARPENTER and another, Respondents, vs. CHRISTIANSON and others, imp., Appellants.

*February 2—February 23, 1904.*

*Pleading: Joinder of causes of action.*

An action in equity brought by taxpayers for the one general purpose of preserving the public funds from dissipation by public officers, presents but one primary right or subject of, controversy for adjudication, although it thereby becomes necessary to bring in numerous parties defendant whose rights may be entirely distinct as between themselves.

DODGE, J., dissents.

APPEALS from an order of the circuit court for Sawyer county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

W. F. *Bailey,* for the appellants, contended that the only authority for joining separate causes of action must be found, if at all, in the statutes. *Leidersdorf v. Second Ward Sav. Bank,* 50 Wis. 406, 411; *Hoffman v. Wheelock,* 62 Wis. 434, 440; *John R. Davis L. Co. v. Home Ins. Co.* 95 Wis. 542, 547; *Turner v. Duchman,* 23 Wis. 500; *Atchison, T. & St. F. R. Co. v. Sumner Co.* 51 Kan. 617; *Johnson v. Kirby,* 65 Cal. 482; *Addicken v. Schrubbe,* 45 Iowa, 315; *Greene v. Nunnemacher,* 36 Wis. 50; *Blakely v. Smock,* 96 Wis. 611; *Plankinton v. Hildebrand,* 89 Wis. 209; *Draper v. Brown* 115 Wis. 361.

For the respondents there was a brief by *Frawley, Bundy & Wilcox,* and oral argument by *C. T. Bundy.*

WINSLOW, J.   This is an action in equity, brought by two taxpayers of Sawyer county on behalf of all the taxpayers of the county, to prevent the payment by the county treasurer of a large number of county orders alleged to be fraudulent and void, also to prevent the said treasurer from paying certain fraudulent judgments secured against the county collusively, and to enjoin their collection perpetually, and to

compel the payment into the county treasury of moneys claimed to have been unlawfully received therefrom by certain of the defendants. Sawyer county is made a defendant, as well as its present county treasurer and members of its board of supervisors who, it is charged, participated in the allowance of the alleged illegal claims, and are hostile to the bringing of this action, so that the rights of the county will not be protected unless it can be done in this action. In addition to these parties, a considerable number of persons are made defendants who are alleged to have received the various fraudulent county orders or to own the fraudulent judgments, as well as a former county treasurer whose official account is alleged to have been fraudulently allowed by the defendant supervisors. A number of these last-named defendants, including the ex-treasurer, demurred separately to the complaint on the ground that a number of causes of action had been improperly joined, and, their demurrers having been overruled, they have separately appealed.

The appellants' argument is that the allegations of the complaint as to each separate fraudulent county order constitute a separate cause of action not affecting the holder of another order, hence that there must be a separate action brought as to each order, because the various causes of action do not arise out of the same transaction or transactions connected with the same subject of action. Sec. 2647, Stats. 1898. This contention cannot be sustained. The action is one in equity brought by taxpayers because the county officials are involved in the alleged frauds and will not bring an action in the name of the county itself. It is brought for one general purpose, namely, to prevent the dissipation of the public funds of the county by a general raid thereon. The rule in equity is that a complaint is not multifarious if it presents but one primary right or subject of controversy for adjudication. If it meet this test it presents but one cause of action, and all merely incidental rights connected

with this primary right may be enforced in the same action, though it thereby becomes necessary to bring in numerous parties defendant whose rights may be entirely distinct as between themselves. *Bassett v. Warner,* 23 Wis. 673; *Adkins v. Loucks,* 107 Wis. 594, 83 N. W. 934; *Level Land Co. v. Sivyer,* 112 Wis. 442, 88 N. W. 317. This well-known principle disposes of the case. The action is brought, as before stated, to preserve the public funds from dissipation by public officers. These officers are made defendants, and are charged with having issued fraudulent and illegal county orders, colluded in the rendering of fraudulent judgments against the county, and defrauded the county by fraudulently auditing a false account against the county by an outgoing county treasurer. The primary right sought to be enforced is the conserving of the public funds. To this primary right all the other claims in the complaint stated, including even the recovery back of amounts illegally paid out to the former treasurer, are purely incidental, and hence may be enforced in one action. *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460.

*By the Court.*—Order affirmed upon each appeal.

Dodge, J. I entertain no serious doubt of the propriety, in an action against the county and its officials to prevent the dissipation of public funds by payment thereof upon unlawful claims, of joining the claimants. Finality of adjudication that their claims are unlawful can be had only by their presence, and such finality, as against them, is entirely incidental to the desired decree forbidding payment to them. Such an action is in the right of the taxpayer, a member of the corporation, to prevent illegal corporate action. I cannot, however, convince myself of the propriety of joining therewith a demand that the county recover back from the ex-treasurer, *John Erickson,* money that he has unlawfully received. That is a cause of action in favor of the

county, which, it is true, a member of such corporation, a taxpayer, may move when the constituted authorities refuse. *Jenkins v. Bradley,* 104 Wis. 540, 80 N. W. 1025; *Luther v. C. J. Luther Co.* 118 Wis. 112, 94 N. W. 69, 74. Such an action is in no wise incidental to that which my brethren deem the dominant and pervading cause of action sought to be stated, in which, it seems to me, *John Erickson* has no possible interest. The joinder of the two seems to me forbidden by *Boyd v. Mut. F. Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171, and *Luther v. C. J. Luther Co. supra,* and cases there cited.