CHARLES, Appellant, vs. GODFREY, Respondent.

*September 13—October 3, 1905.*

*Appeal and error: Bill of exceptions: Certificate of trial judge: Questions reviewed: Mechanics' liens: Foreclosure: Costs: Statutes.*

1. A finding of fact cannot be reviewed on appeal where there is no certificate by the trial judge that the bill of exceptions contains all the evidence, nor that it contains so much of the evidence as is necessary to present the questions of law raised at the trial.
2. Subd. 7, sec. 2918, Stats. 1898, governing costs in equitable actions, differs from the same subdivision in the revision of 1878, in that it is amended by inserting the words "in whole or in part," and hence, no abuse of discretion appearing, it is not error, in an action to foreclose a mechanic's lien, to limit the amount of taxable costs to be recovered.

APPEAL from a judgment of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Affirmed.*

*J. H. Page,* for the appellant.

For the respondent there was a brief by *William G. Wheeler* and *James G. Kestol,* and oral argument by *Mr. Wheeler.*

WINSLOW, J. The plaintiff sued to foreclose a mechanic's lien of $170 for the purchase price of a furnace placed by him in the defendant's house, and the defendant counterclaimed on account of alleged defects in the installation and operation of the furnace. The court after trial found that the cold-air pipe was not properly placed, and allowed $25 damage upon the counterclaim therefor, and rendered the usual lien judgment for the plaintiff for $145, with interest,

but limited the costs, exclusive of disbursements, to the sum of $25. The plaintiff appeals from the judgment and assigns as errors (1) the allowance of any sum upon the counter-claim, and (2) the limiting of the taxable costs.

Neither assignment of error is well taken. There is no certificate by the trial judge that the bill of exceptions contains all of the evidence, nor that it contains so much of the evidence as is necessary to present the questions of law raised at the trial. Hence we cannot review any finding of fact. *Daskam v. Beemer*, 64 Wis. 13, 24 N. W. 485.

The action is an equitable action. Sec. 3323, Stats. 1898. Prior to the enactment of the Statutes of 1898, costs in an equitable action could be allowed or not, in the discretion of the court; but the court had no discretion to allow partial costs. By the last-named Statutes, however, subd. 7, sec. 2918, R. S. 1878, was amended by inserting the words "in whole or in part," so that the circuit court now has authority to allow partial costs, in its discretion, in equitable actions. There is no special statute changing this rule in reference to actions to foreclose mechanics' liens. No abuse of discretion appears in the present case.

*By the Court.*—Judgment affirmed.