# CASES DETERMINED

# August Term, 1912.

WARREN WEBSTER & COMPANY and another, Respondents, vs. BEAUMONT HOTEL COMPANY and others, Respondents, and NATIONAL SURETY COMPANY and another, Appellants.

*September 19—October 29, 1912.*

*Building contracts: Bond of contractor: Liability of surety: Liens of subcontractors: Foreclosure: Action governed by general equitable rules: Statutes: Remedies: Parties: Pleading: Joinder of causes of action: Cross-complaint: Complete determination of rights and liabilities: Right of trial by jury.*

1. Where a building contractor gave a bond with surety, conditioned that he would duly perform the contract and "pay and discharge all indebtedness that may be incurred in carrying out and completing said contract" and save the owner and building "free and harmless from all mechanics' liens and claims of liens, or other claim or expenses by reason thereof," these stipulations evinced a purpose and intent that the surety should secure payment for the material and labor furnished by the contractor, including that procured from third persons; and the latter were entitled to the benefit of such indemnity and could enforce their rights in all respects as if they had been parties to the contract and bond.

2. In such case a subcontractor is entitled to a lien upon the building and also to enforce, by action on the bond, the liability of the surety for payment of his claim.

3. Actions for the enforcement of mechanics' liens are equitable in character, and the procedure therein and the relief to be granted are governed by the general rules of practice in courts

of equity, except as modified by statute, and are not restricted or limited to the statutory regulations expressly provided.

4. The rights of the parties in such actions are to be enforced according to equitable remedies and the provisions of the statutes on the subject, whether they are plaintiffs or defendants.

5. Under the equitable rule as to parties, declared by sec. 2603, Stats. (1898), sureties upon the bonds of separate contractors, which are conditioned for the payment of all bills for materials and labor contracted to be furnished by their principals, may properly be joined as parties defendant, together with the owner and such principals and other lien claimants, in an action by subcontractors to enforce a lien upon the premises improved.

6. In such action the primary right sought to be enforced is the right to subject the property to the payment of the lienors' claims, and the liability of the sureties to pay them is a subject germane to the primary purpose of the action and may be determined and enforced therein.

7. Under sec. 2656a, Stats. (1898), the owner may properly, by cross-complaint in such action, set up the liability of the principal contractors and the sureties upon their respective bonds, they being codefendants in the action, and demand that they be required to pay the amounts due on such bonds into court, thereby relieving the premises to that extent from the liens claimed by the other parties to the action.

8. The fact that one contractor and his surety have no interest in the liabilities arising out of the contract and bond of another contractor on the same building, where all are made parties to a single lien action, does not create a misjoinder of parties or of causes of action.

9. In lien foreclosure suits the provisions of sec. 2883, Stats. (1898), giving the circuit court power "to determine the ultimate rights of the parties on each side, as between themselves, either on cross-complaint or equivalent pleadings or otherwise," and to grant to a defendant "any affirmative relief to which he may be entitled," are peculiarly applicable; and the liabilities of sureties upon contractors' bonds are sufficiently connected with the subject of the action to authorize the court to make a complete and final determination of the rights and liabilities of all parties, including a claim of the owner against the obligors upon one of such bonds for damages for nonperformance or for defective performance of the contract.

10. It is not a valid objection to the exercise of such jurisdiction that the parties are thereby deprived of the right to have the issues tried by a jury.

APPEALS from orders of the circuit court for Brown county :. S. D. HASTINGS, Circuit Judge. *Affirmed.*

The complaint in this action alleges that the plaintiff *Warren Webster & Company*, as a subcontractor of Martin & Wigman, has a lien for labor and materials used in the construction of the Beaumont hotel, and that the plaintiff *Krueger*, as a subcontractor of the *Kirkman Construction Company*, has a similar lien upon the same property. The various statutory requirements for the establishment of liens are alleged.

It appears that on October 4, 1909, Martin & Wigman entered into a contract with the *Beaumont Hotel Company* to install in the Beaumont hotel at Green Bay, Wisconsin, the Webster system of steam circulation, and on December 23, 1909, a bond was executed by Martin & Wigman and *J. H. M. Wigman* as surety with the hotel company, conditioned that if the contractors should fully perform all the conditions of the contract with the hotel company, and "duly and promptly pay and discharge all indebtedness that may be incurred in carrying out and completing said contract, and save said building and the *Beaumont Hotel Company* free and harmless from all mechanics' liens and claims of liens, or other claim or expenses by reason thereof," then the obligation was to be void. On June 9, 1910, *Warren Webster & Company* contracted with Martin & Wigman to install the Webster system of steam circulation in the hotel.

In behalf of the plaintiff *H. W. Krueger* the complaint alleges that on November 1, 1909, the *Kirkman Construction Company* entered into a contract with the hotel company to furnish the materials and to perform the work in the erection, construction, and rebuilding of the Beaumont hotel, except as such work and materials were covered by the contract between the hotel company and Martin & Wigman. On the same day the construction company and the *National Surety Company* as surety executed a bond in favor of the hotel com-

pany containing the same conditions as the bond previously executed by Martin & Wigman and *J. H. M. Wigman* with the hotel company. The plaintiff *Krueger* furnished materials and performed labor in the construction of the hotel under a contract with the *Kirkman Construction Company.*

The complaint also alleges that on or about September 1, 1909, the hotel company executed a trust deed or mortgage to *W. P. Wagner* as trustee. It is alleged that the execution and delivery of this trust deed was subsequent to the commencement of the work of reconstruction, remodeling, and rebuilding of the hotel, and that the trustee had notice that the work of rebuilding had commenced when the trust deed was executed.

The complaint also sets out the interests and claims for liens of other subcontractors, in so far as they had been filed. The plaintiffs ask that the demands of all persons who have filed liens upon the premises be ascertained and that the interest of the hotel company at the time of the commencement of the work and of the furnishing of materials, and of any person claiming under such interest, may be sold to satisfy the liens and costs of the action, and that the plaintiff *Krueger* have judgment in case of a deficiency against the defendants the *Kirkman Construction Company* and the *National Surety Company,* and the plaintiff *Warren Webster & Company* have a deficiency judgment against *A. B. Martin* and *J. B. Wigman* of the firm of Martin & Wigman, and against *J. H. M. Wigman,* the surety on their bond to the hotel company.

The answer of the hotel company admits that the plaintiff *Warren Webster & Company* furnished material and performed labor under its contract with Martin & Wigman, but alleges that it was obliged to purchase some material under its contract with Martin & Wigman. It also alleges that Martin & Wigman agreed to take $2,000 of its bonds in partial payment of their contract and that the plaintiff agreed to take $1,000 of the hotel company bonds from Martin & Wig-

man.    It is alleged that it is ready to deliver the bonds to the
plaintiff, but that the plaintiff is unwilling to take them.

As to the cause of action alleged by *H. W. Krueger,* the
answer of the hotel company admits the allegations made sep-
arately in his behalf.    It is alleged that the trust deed to
*W. P. Wagner* was given and recorded prior to the commence-
ment of any work or the furnishing of any material under the
*Kirkman Construction Company* or the Martin & Wigman
contracts, and that these contractors and the subcontractors
under them had notice thereof.

The cross-complaint of the hotel company alleges the con-
tract with the *Kirkman Construction Company* for the con-
struction of the hotel and the execution of the bond by the
*National Surety Company* to secure the execution of the con-
tract.    It is alleged that before completion of the contract the
work was abandoned by the *Kirkman Construction Company*
and that in accordance with the terms of the contract the
building was completed by the hotel company.    It is alleged
that after the abandonment it cost the hotel company
$11,105.35 to complete the work and furnish the materials
under the contract; that damages for defective work and ir-
remediable defective material and for liquidated damages
were sustained by the hotel company in the further sum of
$14,257.20; and that approximately $10,000 was due sub-
contractors from the *Kirkman Construction Company* at the
time the contract was abandoned, that this amount is still
owing, and that mechanics' liens therefor, which the *Kirk-
man Construction Company* and the *National Surety Com-
pany* are obligated to pay, have been filed against the property
of the hotel company; and it is alleged that of the sum of
$70,000 to be paid the *Kirkman Construction Company* for
construction and materials all has been paid except $4,912.73
in cash and $12,000 in hotel company bonds.    The hotel com-
pany demands judgment that *Warren Webster & Company*
be required under their contract to accept hotel company

bonds in settlement of their claim; that the claims for liens of the various subcontractors under the *Kirkman Construction Company* may be ascertained and determined; that the *Kirkman Construction Company* and the *National Surety Company* be adjudged primarily liable therefor and be required to pay the same into court; that the hotel company have judgment for $21,449.82 and costs of the action against the *Kirkman Construction Company* and the *National Surety Company;* and that upon payment of these amounts the *Kirkman Construction Company* and the *National Surety Company* be entitled to the $12,000 hotel company bonds.

The answer and cross-complaint of the trustee for the hotel company is substantially the same as the answer and cross-complaint of the *Beaumont Hotel Company.* He asks that the trust deed be declared and held a prior and superior lien to those of the subcontractors, that the principals and sureties on the bonds for construction be ordered to pay the liens of the subcontractors, and that the hotel property be liable to the liens of the subcontractors and be sold and the proceeds of the sale be applied to discharge the liens only in the event and to the extent that such subcontractors be not paid by the principals and the sureties on the bonds.

The answers and cross-complaints of those of the defendant lienors who answered allege in substance that they were subcontractors and as such furnished materials and performed labor in the construction of the hotel building under the contracts, that they have filed claims for liens for the amount of their claims, that the principal contractors have failed to pay them, and that the bondsmen are liable for the amounts of their claims; and they ask that the rights of all persons having liens on the premises may be ascertained and determined, whether they be plaintiffs or defendants, that the premises subject to the liens be sold to satisfy the liens so ascertained and the costs, and in case of a deficiency that they have personal judgment against the parties liable on the demands for which the liens are claimed.

The *National Surety Company* demurred to the complaint of the plaintiffs on the grounds that several causes of action had been improperly united, that the complaint did not state a cause of action against it, that no cause of action in favor of *H. W. Krueger* was stated against it, that the complaint did not state facts sufficient to constitute a cause of action against it and in favor of the plaintiff *Warren Webster & Company*, and in that *Warren Webster & Company* was made a party plaintiff and did not state a cause of action against it, that there was a misjoinder of parties in that subcontractor lien claimants were made parties defendant with it, and that the court had no jurisdiction because the action is one in equity for the foreclosure of mechanics' liens and in such an action the court had no jurisdiction of a cause of action at law against the defendant.

The *National Surety Company* demurred to the cross-complaints of the defendant subcontractor lien claimants on the grounds that such cross-complaints did not state facts sufficient to constitute cross-complaints against it, that the court had no jurisdiction because the action was one in equity for the foreclosure of mechanics' liens and the cross-complaints stated causes of action at law, that the cross-complaints do not state facts sufficient to constitute causes of action against it, that the causes of action stated are not pleadable as cross-complaints in the action, that there was a defect of parties in that the plaintiff *Warren Webster & Company,* making no claim against it, was improperly joined as a party plaintiff against it, that *A. M. Duncan,* trustee in bankruptcy for Martin & Wigman, not claiming to have a cause of action against it and not being liable with it, was improperly joined as a party to the action, and that the cross-complaints state no cause of action against it, in that the cause of action alleged does not affect or involve the contract, transaction, or property which is the subject of the action and is not pleadable in or as a cross-complaint.

The *National Surety Company* and the *Kirkman Construc-*

*tion Company* each demurred to the cross-complaint of the *Beaumont Hotel Company* on the grounds that, the cause of action alleged against them in the cross-complaint being an action at law and the complaint being an action in equity for the foreclosure of mechanics' liens, the court had no jurisdiction of the cause of action alleged in the cross-complaint, that the cause of action stated in the cross-complaint was not pleadable in the action, that there was a defect of parties in that the plaintiff *Warren Webster & Company,* alleging no cause of action against either of them, was improperly joined as a party plaintiff in the complaint and in the cross-complaint, that the trustee in bankruptcy for Martin & Wigman, alleging no cause of action against either of them and not being liable with either of them, was improperly joined in the cross-complaint as a party to the action, that the facts alleged as a cause of action in the cross-complaint do not constitute a cross-complaint against them because it does not involve or affect the contract, transaction, or property which is the subject matter of the action and is not pleadable as a cross-complaint or in the cross-complaint, and that the cause of action alleged does not constitute a cause of action, and because several causes of action have been improperly united.

All of the demurrers were overruled. The appeals are from the orders overruling the demurrers.

For the appellants there was a brief by *Thompsons, Pinkerton & Jackson,* and oral argument by *J. C. Thompson.*

For the plaintiff respondents the cause was submitted on the brief of *Cady, Strehlow & Jaseph.*

For the respondents *Beaumont Hotel Company* and *W. P. Wagner,* trustee, there was a brief by *Sol. P. Huntington,* attorney; a separate brief for the *Beaumont Hotel Company* by *George G. Greene;* and oral argument by *Mr. Huntington.*

For the several respondent lien claimants there was a brief signed by *Nath. Pereles & Sons; Sheridan, Evans & Merrill; James H. McGillan; Cady, Strehlow & Jaseph; Minahan &*

*Minahan; Kittell & Burke;* and *Greene, Fairchild, North, Parker & McGillan;* and oral argument by *J. R. North* and *E. R. Minahan.*

SIEBECKER, J.   The questions raised by the different demurrers to the complaint and the cross-complaints of the *Beaumont Hotel Company* and the subcontractors as lienors may be treated together, because the same subjects are involved in their consideration and decision.   In natural sequence, the question of the nature and extent of the liability of the sureties under the bonds given by them to the principal contractors to secure performance of the contracts for the construction of the hotel, and the nature of the action for the enforcement and foreclosure of the alleged liens, should be first considered.

1. The complaint alleges that to secure the faithful performance of the contract of the *Kirkman Construction Company* with the *Beaumont Hotel Company* to furnish the material and perform the work therein specified for the construction of the hotel, the construction company as principal, and the defendant *National Surety Company* as surety, on November 1, 1909, made a bond binding themselves to pay the hotel company the sum of $35,000, conditioned that if the construction company should duly perform the contract with the hotel company for furnishing the material and performing the labor agreed upon, and "shall duly and promptly pay and discharge all indebtedness that may be incurred in carrying out and completing said contract, and save said building and the *Beaumont Hotel Company* free and harmless from all mechanics' liens and claims of liens, or other claim or expenses by reason thereof, then this obligation shall be void, otherwise to remain in full force and effect."   The bond of the surety, *J. H. M. Wigman,* to secure the performance of the contract of Martin & Wigman contained provisions of like effect.   Confessedly, both of the principal contractors failed to perform their contracts.   This failure imposes the obliga-

tion on the bondsmen to "pay and discharge all indebtedness
that may be incurred in carrying out and completing said con-
tract" and to save the hotel property and the hotel company
"free and harmless from all mechanics' liens and claims of
liens, or other claim or expenses by reason thereof." This
undertaking is in no sense modified or restricted by the terms
of the construction contracts of the parties, wherein the con-
struction company agrees, in consideration of sums agreed
upon, to furnish all the material and labor embraced in the
contracts, to pay for the same, and to furnish written vouch-
ers showing such payment or waiver of claim or lien therefor,
and if through default in these conditions any liability should
be incurred by the hotel company, then the sureties were to
indemnify and make whole the hotel company on account
thereof. These stipulations of the contracts and bonds clearly
mean and evince a purpose that the parties thereby intended
that the sureties should secure payment for the material and
labor furnished by the contractors. Obviously, the parties
understood that in the course of affairs such an obligation
would cover the material and labor secured from third parties
by the contractors. Under such circumstances, third parties
furnishing labor and material obtain the benefit of such in-
demnity, and they can enforce their rights in all respects as
if they had been parties to the contracts and bonds. The
rights and liabilities of the principal contractors, the sureties,
and the persons furnishing material and labor within the
terms of the transactions covered by the construction contracts
and bonds have on several occasions recently been considered
in this court and need no further amplification here. See the
following cases and the cases cited therein sustaining the right
of such third persons to enforce the obligation against the
bondsmen: *United States G. Co. v. Gleason,* 135 Wis. 539,
116 N. W. 238; *R. Connor Co. v. Ætna Ind. Co.* 136 Wis.
13, 115 N. W. 811; *Tweeddale v. Tweeddale,* 116 Wis. 517,
93 N. W. 440; *Johnston v. Charles Abresch Co.* 123 Wis.

130, 101 N. W. 395.    Under the facts and circumstances of
the case, the subcontractors who have unpaid claims for ma-
terial and labor furnished in the construction of the hotel and
embraced in the provisions of the construction contracts are
entitled to liens therefor on the hotel property, and they are
entitled to enforce the liability of the sureties upon their
bonds for payment thereof by action against the sureties.

2. It is contended by the appellants that the action for the
enforcement of mechanics', laborers', and materialmen's liens
is a remedy provided by statute, which prescribes the rules of
pleading and the procedure therein, and that the regulations
on these subjects in the lien statutes exclude any intention
that such actions are to be governed by the established rules
in equitable proceedings other than those specifically included
in the statutes.    This contention is based on the provisions
prescribing what claimants may be made parties to the action
(sec. 3321, Stats. 1898), what allegations of fact shall make
a sufficient complaint (sec. 3322, Stats. 1898), what shall be
embraced in the judgment for a sale of the premises and the
distribution of the proceeds, and whether there shall be per-
sonal judgments in case of a deficiency or for want of estab-
lishing a lien on the property (sec. 3324 to sec. 3326, Stats.
1898).    The contention that the right to a lien being created
by a statute which prescribes the procedure to enforce it shows
an intention that the remedy is to be restricted and limited
to the statutory regulations provided, is not sustained.    The
statute (sec. 3323, Stats. 1898) by express provision declares
that such an action shall be deemed equitable.    This negatives
the implication that it is to be restricted to the statutory pro-
cedure expressly provided.    The statutory regulations con-
cerning pleading and practice in the action to enforce the lien
are to be treated as regulative of those parts of the equitable
proceeding and do not exclude the right to apply equitable
procedure in all other respects so far as the facts and circum-
stances of the case may require to adjudicate upon the rights

of all parties thereto.   The remedy for foreclosing the lien is equitable in its nature and characteristics, and makes the action inherently an action in equity.   The nature of the relief to be granted is such as the courts of equity award and such as can be most readily administered under their procedure. That statutory regulation of the pleading and practice in lien suits does not provide a complete code of procedure, and that equitable rules unless modified by statute are applicable, is recognized in the following cases: *Huse v. Washburn,* 59 Wis. 414, 18 N. W. 341; *Bartlett v. Clough,* 94 Wis. 196, 68 N. W. 875; *Willer v. Bergenthal,* 50 Wis. 474, 7 N. W. 352; *Charles Baumbach Co. v. Laube,* 99 Wis. 171, 74 N. W. 96; *Charles v. Godfrey,* 125 Wis. 594, 104 N. W. 814.   Had the statute simply declared that the action to foreclose a lien should be deemed equitable, there could be no claim but that an equitable procedure would apply and control in all respects.   There is nothing in the provisions modifying the procedure in such action which is inconsistent with the procedure in equity cases in other respects.   The statutory regulation of the remedy goes no farther than to modify or confirm the rules that equity employs in similar suits and in no way abrogates their application to the varying exigencies that may arise in lien actions.   From this it necessarily follows that the rights of the parties in such actions are to be enforced according to equitable remedies and the provisions of the statutes for determining the ultimate rights of the parties who have filed claims for liens against the property, whether they are plaintiffs or defendants in the action.

3. We now approach the specific grounds of demurrer. The complaint and the cross-complaints of the lienors allege in substance and form that they are subcontractors, that the principal contractors have failed to pay them in the amounts stated for materials furnished and labor performed under the construction contracts, and that they claim liens on the hotel property for these amounts and that the bondsmen are liable;

and they ask that the rights of all persons who have filed claims for liens on the premises, whether plaintiff or defend-ant, be ascertained, that the premises subject to the liens be sold to satisfy the liens, with costs, and, in case of deficiency, that they have personal judgment against the parties liable on the demands for which liens are claimed.    The hotel com-pany in its cross-complaint alleges the making of the construc-tion contracts, and the bonds to secure performance thereof, the terms and conditions of these agreements, the failure of performance and that large sums are due the lienors, and that it has large claims against the principal contractors and their sureties for work done and material furnished in carrying the construction of the hotel to completion as called for by the construction contracts, and that it has a claim for damages against them for their default in not providing the material and completing the work as specified in the construction con-tracts.    The sureties and the principal contractors contend, under their demurrers to the complaint and to the cross-com-plaints of the lienors and of the hotel company, that there is a defect of parties plaintiff and defendant, that several causes of action have been improperly united, and that the complaint and the cross-complaints do not state facts sufficient to consti-tute a cause of action.

It is provided in sec. 3321, Stats. (1898), that any such lienor may foreclose his lien by action and that all such lien-ors may join as plaintiffs, and if any of them do not so join, or refuse, they may be made defendants; also, that all persons having a subsequent mortgage, judgment, or other lien, and all subsequent purchasers of the premises, may be made de-fendants, and, if the action is brought by a subcontractor, then the principal contractor may be made a defendant.    These provisions embrace all the persons who are parties of record in this suit except the sureties. . The question is whether they are properly before the court as parties to the action.    The relations of the sureties to the principal contractors, the sub-

contractors, and the hotel company, under the terms of the construction contracts and the bonds, have heretofore been considered, and they were held liable on their bonds to the hotel company and the lienors for any claims for material and labor needed to complete the construction of the hotel pursuant to the construction contracts on account of the principal contractors' default, hence they are vitally and adversely interested in the claims presented by the pleadings in favor of the hotel company and the lienors. Under their bonds they are primarily liable for payment of the debts and the liens for material and work. Under the equitable rule declared by sec. 2603, Stats. (1898), "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein." Since the bondsmen have an interest in the controversy adverse to the plaintiffs, they are interested in not being subjected to any liability for claims of the lienors in excess of what may be found justly due them, and they are necessary parties to the litigation to determine this liability on doubtful claims should any such be presented for allowance. The sureties being thus adversely interested in the questions litigated, it is appropriate for a court of equity, in order to make a complete determination of all the questions involved between the parties, to require their presence so as to enable it to award judgment against them for the payment and discharge of all claims and liens according to the rights established in the action, thus saving the hotel company harmless in the matter. The court having jurisdiction of the parties, no obstacle exists to the granting of the relief demanded in the complaint and the cross-complaints, if it be so related to the subject of the action as to bring it within equitable cognizance. The primary right sought to be enforced in this action is to subject the property of the hotel company to the payment of the

lienors' claims accruing for the improvement of this property. The enforcement thereof necessarily involves the establishment and determination of the amount of the claims justly due from the principal contractors for the construction of the hotel, the enforcement of the liens therefor, and the payment of the debts. The liability of the sureties to pay them is therefore a subject germane to the primary purpose and object of the action. This liability is properly enforceable between all parties appearing as codefendants, under the provisions of sec. 2656a, Stats. (1898), which declares:

"A defendant . . . may have affirmative relief against a codefendant, or a codefendant and the plaintiff, or part of the plaintiffs, or a codefendant and a person not a party, . . . upon his being brought in; but in all such cases such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action."

The relief here sought against the sureties and their principals manifestly is related to and connected with the cause of action of the complaint and the cross-complaints of the lienors, and hence it includes and affects "the contract, transaction or property which is the subject matter of the action." Under the circumstances shown and under the provisions of the statutes, it is apparent that those who were made defendants in the action were properly before the court and that there was no misjoinder or defect of parties to the action.

The claim that the principal contractors, Martin & Wigman, and their obligor have no interest in the liabilities arising out of the contract and the bond of the *Kirkman Construction Company* and its obligor is not tenable, because the demands of all the parties are connected with and relate to the subject of enforcing liens against the premises of the hotel company and of obtaining the payment of the debts, or, as declared in sec. 2656a, Stats. (1898), they involve and affect "the contract, transaction or property which is the sub-

ject matter of the action." In the case of *Gager v. Marsden,* 101 Wis. 598, 77 N. W. 922, this court states:

"In an equitable action many matters are often adjudicated which would form the subject of an independent action, either at the suit of plaintiff against one or more of the defendants, or between different defendants, yet are properly brought before the court as germane to the subject of the action stated in the complaint."

See, also, *Carpenter v. Christianson,* 120 Wis. 558, 98 N. W. 517; *Level L. Co. v. Sivyer,* 112 Wis. 442, 88 N. W. 317; *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909.

4. It is strenuously asserted in behalf of all the demurrants that several alleged causes of action have been improperly united and that the complaint and cross-complaints do not state facts sufficient to constitute a cause of action. The joinder of different causes of action for relief in favor of a party to a lien suit, or in favor of different persons who are proper parties to the action, is justified and proper, as we have heretofore seen, if the relief sought involves, or in some manner affects, "the contract, transaction or property which is the subject matter of the action." The grounds upon which the subcontractors, the hotel company, the principal contractors, and their bondsmen are found to be proper parties to this action for foreclosure of liens on the hotel property show that the relief they seek to enforce involves rights related and germane to the matter of enforcing the liens against the hotel property and securing payment of the amounts due under the construction contracts, and involves the determination of the ultimate liabilities of the parties between themselves, on each side of the controversy, pertaining to the transaction of the construction of the hotel. Jurisdiction of the parties in the suit for these purposes carries with it the right to unite in the complaint or cross-complaints the different grounds or causes of action for relief, to enable the court to "determine the ultimate rights of the parties on each side, as

between themselves, either on cross-complaint or equivalent pleadings or otherwise, and may grant to the defendant any affirmative relief to which he may be entitled." Sec. 2883, Stats. (1898). The scope of this power is declaratory of the broad, equitable powers courts may employ in joining parties and subjects in one suit, to determine their ultimate rights within its jurisdiction. This power is of peculiar applicability to lien foreclosure suits under the statutory provisions heretofore referred to and considered. The appellants claim and insist, however, that the causes of action alleged by the lienors against the principal contractors and their bondsmen for relief on the bonds, and by the hotel company against the *Kirkman Construction Company* and its surety for relief under the construction contract and the bond, are actions at law which cannot be litigated in this equity suit. A portion of the relief demanded by the hotel company is that, if the principal contractor default in paying what is due subcontractors for material and labor, then that the surety be required to pay such claims to save the hotel company harmless from liens against its property. This the surety contracted to do, and under this obligation the hotel company may enforce this primary liability of the surety to pay the debts of its principal. This right is within the equitable principle governing this duty between the surety and the hotel company, which in turn is liable to these lienors as a surety of the surety company, that the surety company bear the obligation which is about to be cast on the hotel company, which principle was applied in the case of *Dobie v. Fidelity & C. Co.* 95 Wis. 540, 70 N. W. 482, and approved in *Momsen v. Noyes,* 105 Wis. 565, 81 N. W. 860. The trial court held that the hotel company's claim for breach of contract by the *Kirkman Construction Company* was not related to the primary right sought to be enforced in this lien action. Failure of the construction company to furnish the material and do the work required of it has, it is alleged, resulted in damages to the

hotel company and in liens against its property.   The rights
and liabilities arising from the construction and surety con-
tracts, the hotel property, the question of the hotel company's
claim for unpaid lien debts, and its claims for damages for
breach of the construction contract, which claims the company
may retain and offset against any claim of the principal con-
tractor or affirmatively enforce against the surety if the prin-
cipal defaults in paying them, connect these inquiries suffi-
ciently with the subject of the litigation to empower a court
of equity to adjust and settle them between the parties to this
action.   The trial and determination of these issues in this
action are incidental to the enforcement of the rights of the
lien claimants against the hotel property, which the owners
have a right to protect by asking that all the liabilities of the
parties be adjusted and that no more be allowed to lien claim-
ants than they are upon investigation entitled to, and that the
principal contractor and his surety be compelled to pay such
debts and save the hotel property harmless.   The bond is in-
volved in the suit and the relief therein as to lienors, and as
to the hotel company for default in construction, and this suf-
ficiently connects the hotel company's claim for damages for
breach of the construction contract with the subject of the
action to authorize the court to retain it in order to have a
complete and final determination of the rights and liabilities
of all the parties in any manner interested in these contracts
and the property.   We are persuaded that this holding is
within the principle of the decision in the following cases,
which hold that a court may "lay hold of a subject matter,
however large, made up of a single primary right, and all
rights germane thereto, however numerous, or several such
subject matters under certain circumstances, bring all parties
directly interested before the court, with all parties neces-
sary to be there for their due protection, and settle the entire
controversy by a single decree:" *Harrigan v. Gilchrist,* 121
Wis. 127, 99 N. W. 909; *Gager v. Marsden,* 101 Wis. 598,

77 N. W. 922; *Carpenter v. Christianson,* 120 Wis. 558, 98·
N. W. 517; *Herman v. Felthousen,* 114 Wis. 423, 90 N. W.
432; *Adkins v. Loucks,* 107 Wis. 587, 83 N. W. 934; *Level*
*L. Co. v. Sivyer,* 112 Wis. 442, 88 N. W. 317; *Zinc C. Co. v.*
*First Nat. Bank,* 103 Wis. 125, 79 N. W. 229; *St. Croix T.*
*Co. v. Joseph,* 142 Wis. 55, 124 N. W. 1049.

The claim that this course deprives the demurrants of the
right to have these issues tried by a jury is not sustained.
Under sec. 2843, Stats. (1898), actions for the recovery of
money only, or of specific real or personal property, or for di-
vorce on the ground of adultery must be tried by a jury.  No
such case is here presented.  The court properly overruled
the demurrers interposed by the defendants.

*By the Court.*—The orders appealed from are affirmed.