RUSTLES and wife, Appellants, vs. CHRISTENSEN, Respondent.

*February 9—March 8, 1932.*

328

For the appellants there was a brief by *William Rozumoff,* attorney, and oral argument by *Ellis Hughes,* both of Racine.

For the respondent there was a brief by *Gittings, Janecky & Buelow,* attorneys, and *O. M. Edwards* of counsel, all of ·Racine, and oral argument by *Mr. Edwards.*

WICKHEM, J.    Various contentions are made by the plaintiffs, but it is considered that a presentation of the facts will open the way to the proper disposition of this case without a detailed comment upon each assignment of error, of which there are sixteen.

On May 3, 1928, the parties entered into the contract in question.    This contract contemplated the erection by the defendant, as principal contractor, of a dwelling house for the plaintiffs for the sum of $3,500.    The plaintiffs, however, were to furnish certain building material, amounting to more than $2,000, through a contract with Montgomery Ward & Company. . About the time that the foundation for the house was completed the plaintiffs canceled their contract ·with Montgomery Ward & Company, thus making it impossible for the defendant to proceed under the original contract.    Thereafter negotiations were had between the parties looking to a new contract, under which the defendant would furnish the materials for an added price, but no agreement was reached and the plaintiffs ordered the defendant to stop work.    Prior to this time there had been some difficulty between the parties due to the fact that the basement windows were not installed to the satisfaction of the plaintiffs, and due to the fact that certain garden tile had not been installed in the foundation.    However, these difficulties appear to have been settled at the time the work was stopped.    Mrs. Rustles, one of the plaintiffs, who acted for

both of them in negotiating with the defendant, stated: "The reason we stopped work was because we canceled the order with Montgomery Ward and couldn't get together with Mr. Christensen on the new contract." It was not until four or five weeks later that plaintiffs discovered that the mortar in the foundation was defective.

As we view this case, it presents the question whether defendant was wrongfully prevented from performing his contract by the plaintiffs. Plaintiffs claim that the court has made no finding in this respect, but an examination of the findings indicates that the court intended to and did find that there was a wrongful interference by plaintiffs which prevented performance by defendant.

In 2 Williston, Contracts, p. 1305, it is stated:

"It is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure."

To this effect see *Halsey v. Waukesha Springs S. Co.* 125 Wis. 311, 104 N. W. 94; *Case v. Beyer,* 142 Wis. 496, 125 N. W. 947; *Bannen v. Kindling,* 142 Wis. 613, 126 N. W. 5; *Graf v. Laev,* 120 Wis. 177, 97 N. W. 898; *Spafford v. McNally,* 130 Wis. 537, 110 N. W. 387. In *Fischer v. Schumacher, ante,* p. 10, 238 N. W. 801, the court said:

"It makes considerable difference with reference to plaintiff's right to recover whether the refusal to permit his continuance of the work was due to a breach of the contract on the part of the defendant."

This statement is peculiarly applicable to this case. It is apparent from the record that the stopping of the work was not the result of any breach on the part of the defendant, and that it constituted a breach of the contract by the plaintiffs. Mrs. Rustles states that she stopped the work because she had terminated her contract with Montgomery Ward & Company for materials, and because she had been unable to

negotiate a contract to take its place. She did not rely upon defendant's failure to properly lay the garden tile, or upon his failure properly to set the basement windows, or upon the defects in the mortar. Hence we think it is evident that the defective condition of the mortar, even though it had constituted a sufficiently substantial breach to warrant rescission of the contract by the plaintiffs, cannot be said to have been the cause of, or a justification for, plaintiffs' conduct in terminating the contract. Nor do we think the court was bound to conclude that the defects which undoubtedly existed in the foundation wall constituted such a substantial breach of the contract as to warrant rescission by plaintiffs. The testimony is that the defects could have been repaired for a comparatively small sum of money; that the defects were not due to carelessness or bad faith or bad workmanship, but to the unexpected reactions of a material used in the mortar which was expensive and highly recommended, but which somewhat failed of its purpose.

It is our conclusion that the court was justified in coming to the conclusion that plaintiffs wrongfully prevented performance by defendant. In this situation the rule of damages applicable is stated in *George M. Newhall Eng. Co. v. Daly*, 116 Wis. 256, 93 N. W. 12, as follows:

"If appellant wrongfully prevented plaintiff, not in default, from completing its contract, after it had gone to substantial expense in its partial performance, he placed plaintiff in a predicament, and conferred upon it, as a result, the right of choice between two methods of escape. Plaintiff might have insisted upon the continued existence of the contract, and upon being permitted to perform it, and have recovered its damages for breach thereof; or, recognizing the impossibility of carrying out the contract by reason of defendant's wrongful act, it was at liberty to treat such act as a declaration on defendant's part of rescission, and to meet the same with an assent thereto on its part, in which case, certainly where the contract itself provided for no apportionment of compensation, it might recover *quantum*

*meruit* the reasonable value of the work done by it prior to such rescission. Such rule is but the imposition of the ordinary condition that he who rescinds a contract—which the defendant does by rendering its performance impossible—must re-establish the other party in his *status quo.*"

The basis of the recovery in this case is evidently the reasonable value of the materials furnished. It is the contention of the plaintiffs that the counterclaim states a cause of action upon the contract, and that there is no basis for recovery on *quantum meruit* without an amendment to the counterclaim, citing *Manning v. School District,* 124 Wis. 84, 102 N. W. 356. An examination of the counterclaim indicates that defendant, in his first cause of action, has set out the contract as a matter of inducement. The gist of the first cause of action is the claim that the defendant, in partial discharge of the contract, furnished materials and labor to the value of $1,315.90, for which judgment is demanded. We think the counterclaim sufficiently states a cause of action for the value of the materials and labor furnished. *Boehrer v. Juergens & Anderson Co.* 133 Wis. 426, 113 N. W. 655.

Plaintiffs further contend that respondent's action is an "action at law on contract" and that the costs are limited to $25 by the provisions of sub. (12), sec. 271.04, Stats. The contention is without merit. That the action to foreclose a mechanic's lien is one in equity is well established by the decisions in this state. *Willer v. Bergenthal,* 50 Wis. 474, 7 N. W. 352; *Wilson v. Johnson,* 74 Wis. 337, 43 N. W. 148; *Charles v. Godfrey,* 125 Wis. 594, 104 N. W. 814; *Boesen v. Preston,* 130 Wis. 418, 110 N. W. 208; *Warren Webster & Co. v. Beaumont Hotel Co.* 151 Wis. 1, 138 N. W. 102.

It is contended by the plaintiffs, and conceded by the defendant, that the court erroneously found that defendant performed work and labor and furnished materials to the

value of $1,415.90, instead of $1,315.90. This error was carried into the judgment, and as a result the judgment is for $100 more than it should be. After testifying to the value of the various items of labor and materials making up the mason work, the subcontractor in charge of that work erroneously gave the total of the items as $628.40, whereas the correct total is $619.40. The judgment should be reduced by the sum of $109.

*By the Court.*—The judgment of the circuit court is modified as indicated in the opinion, and as modified is affirmed. Defendant to recover costs in this court.